**DUNFEE, Exrx., et al., Appellants,**

v.

**MIDWESTERN INDEMNITY COMPANY et al., Appellees.**

[Cite as *Dunfee v. Midwestern Indemn. Co.* (1990), 70 Ohio App.3d 301.]

Court of Appeals of Ohio,
Lorain County.

No. 90CA004851.

Decided Nov. 14, 1990.

James T. Murray, for appellants.
Harry Sigmier, for appellees.

REECE, Presiding Judge.

Donna J. Dunfee appeals from the summary judgment granted to the Midwestern Indemnity Company and Mid–America Fire & Casualty Company ("Mid–America") upon Dunfee's action for declaratory judgment.

## Facts

The parties to this action agree that the underlying facts are not in dispute, as recited by the trial court:

" * * * Plaintiff Donna J. Dunfee is the executrix of the Estate of Eleanor Dandrea Sparks. Plaintiffs Donna J. Dunfee and Dyana Simboli are the daughters and sole surviving heirs of Eleanor Dandrea Sparks.

"On or about October 11, 1985, Eleanor Dandrea Sparks was in a two-car auto accident. As a result of the accident, Eleanor Dandrea Sparks died on or about November 16, 1985. The accident was caused by the negligence of the driver of the other vehicle, Guillermo Diaz, an uninsured motorist.

"During the period from October 11, 1985 to November 16, 1985, Eleanor Dandrea Sparks resided with her brother, John Dandrea, at 225 West 13th Street, Lorain, Ohio. At the time of the accident, Eleanor Dandrea Sparks was operating a 1969 Chevrolet Camaro insured under a policy issued by Buckeye Union Insurance Company. The auto was registered in her name. The policy for this auto included uninsured motorist coverage in the amount of $100,000.00. Buckeye Union Insurance paid the $100.000 [*sic*] policy limit to the Estate of Eleanor Dandrea Sparks.

"Also at the time of the accident, a 1977 Plymouth registered to John Dandrea, was insured under a policy of insurance issued by Mid–America Fire & Casualty Co. This policy also included uninsured motorist coverage in the amount of $100,000.

"Donna J. Dunfee, filed suit in Lorain County Common Pleas court against Guillermo Diaz, as Executrix of the Estate of Eleanor Dandrea Sparks. The estate was awarded a judgment against Diaz for $2,500,000. As previously stated, Buckeye Union paid the estate $100,000, leaving an unpaid balance of $2,400,000.

"Plaintiffs seek to recover the $100,000 uninsured motorist coverage provided under the policy held by John Dandrea. Mid–America has denied coverage, relying upon exclusionary language contained in the policy. The language is as follows:

" 'We do not cover bodily injury to a person

" '1. occupying or when struck by a motor vehicle occupied by you or a relative for which insurance is not provided under this part.'

"The estate of Eleanor Dandrea Sparks filed a declaratory judgment action to obtain a construction of the policy.  * * * "

Mid–America subsequently moved the court for summary judgment, asserting that the policy provided no coverage for the decedent's injuries.  Dunfee responded in opposition.

The trial court determined that Mid–America was entitled to judgment as a matter of law, finding that the policy specifically excluded coverage under the facts of the case and in accord with *Hedrick v. Motorists Mut. Ins. Co.* (1986), 22 Ohio St.3d 42, 22 OBR 63, 488 N.E.2d 840, syllabus.  Dunfee appeals, asserting two assignments of error.

### Assignment of Error No. I

"The court erred in considering extrajudicial documents without giving plaintiffs a chance to respond to those documents."

Dunfee assigns error to Mid–America's filing of a document styled "Defendant's Reply Brief in Support of Its Motion for Summary Judgment," without leave of the court, one day prior to the trial court's grant of summary judgment.  Dunfee claims that because Civ.R. 56 does not provide for a movant's written reply to an opposing party's response to such motion, a trial court errs by failing to reject the same. ·We find no support for this proposition.

Civ.R. 56(B) provides that a party against whom a declaratory judgment is sought may move the court for summary judgment with or without supporting affidavits.  Civ.R. 56(C) states that the motion must be served at least fourteen days prior to the time fixed for hearing, and that the adverse party may serve and file opposing affidavits prior to the day set for hearing. Summary judgment is thereafter rendered if the pleadings, depositions and other items of record in the case show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

We find no direct preclusion in Civ.R. 56 to the filing of a reply brief by a party seeking summary judgment.

A motion for summary judgment under Civ.R. 56 should be accompanied by a written document stating the particular grounds supporting the motion, pursuant to Civ.R. 7(B).  In the case *sub judice,* Mid–America supported its motion with an additional memorandum filed one day prior to the court's determination.  Under the particular facts of this case, we do not find a violation of the Civil Rules.

Dunfee also makes much of the fact that both the court and Mid–America, in its reply brief, used the same word, "illogical," to describe Dunfee's proposed interpretation of the policy provision. Because the school of logic plays a major role in legal thought, however, use of this word in such a context may well be necessary, rather than the result of the trial court simply adopting Mid–America's sentiments. Upon this basis, we fail to find error in Mid–America's filing of the reply brief, or in the trial court's consideration, if any, of the same.

■ Dunfee also assigns error to the court's denial of her motion for reconsideration, as filed with the trial court. Mid–America is correct in suggesting that the Civil Rules do not provide for motions for reconsideration in the trial court. See *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus; *Trusso v. Mravec* (May 23, 1990), Medina App. No. 1844, unreported, 1990 WL 72367. Thus, a trial court does not err by denying such a motion without explanation.

The first error assigned is overruled.

### Assignment of Error No. II

"The court erred in giving summary judgment to Midwestern Indemnity Company."

Dunfee argues that the trial court erred in granting summary judgment to Mid–America. We disagree.

■ Trial and appellate courts adhere to the same standard in reviewing summary judgment. Inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion; if when so viewed reasonable minds can reach but one conclusion, adverse to the party opposing the motion, summary judgment should be rendered. See *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976, and Civ.R. 56(C).

Dunfee makes several arguments under this assignment of error. We shall consider each separately. She initially claims that Mid–America's policy, as written, excludes from coverage "only vehicles owned by *uninsured relatives*" (emphasis added), and thus does not apply to decedent. Under the clear terms of the policy, however, this is an oxymoron. The policy defines an "insured person" as "*you* or a *relative*." "Relative" is defined as "a person living in *your* household, related to *you* by blood, marriage or adoption[.]" Thus, one who qualifies as a relative under the definitional terms of the policy is insured; there is no such person as an "uninsured relative."

Dunfee arrived at this argument by means of the same claim she advanced in the court below, relating to an exclusion under the uninsured and underinsured portion of the policy, which reads:

"We do not cover *bodily injury* to a person:

"1. *Occupying,* or struck by, a *motor vehicle* owned by *you* or a *relative* for which insurance is not afforded under this part." (Emphasis *sic.*)

Dunfee argued to the trial court, and asserts here, that this provision is subject to multiple interpretations, and that it may be read so that the last clause of the sentence, "for which insurance is not afforded under this part" modifies only the word "relative." Thus, the decedent's car would only be excluded if it was owned by a *"relative* for which insurance is not provided under this part." This interpretation is devoid of merit.

██ Under the policy provisions for uninsured and underinsured coverage, there are no "relatives," as that term is defined, for which insurance is not provided. Thus, Dunfee's interpretation of this sentence would render the subject exclusion, as well as the policy definitions, meaningless.

"The words in a policy must be given their plain and ordinary meaning, and only where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage. * * * [I]t is axiomatic that the general rule of liberal construction cannot be employed to create an ambiguity where there is none. * * *" *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 89, 545 N.E.2d 83, 88.

Accordingly, this argument is not well taken.

██ Dunfee claims that the trial court's construction of the policy violates R.C. 3937.18(A). The trial court relied upon *Hedrick v. Motorists Mut. Ins. Co., supra,* to determine that the provisions under review were not in violation of the statute, and that the exclusion in the policy was valid. Having examined the policy in light of the pronouncements of *Hedrick, supra,* and in light of similar issues reviewed by prior cases in this court discussing nearly identical policy exclusions, we find no error in the trial court's decision. The syllabus in *Hedrick, supra,* states:

"An insurance policy provision which denies uninsured motorist coverage, when bodily injury is sustained by any person while *occupying a motor vehicle owned by an insured* but which vehicle is not specifically insured under the policy, is a valid exclusion." (Emphasis *sic.*)

The exclusionary language considered in *Hedrick* is nearly identical to that of the policy considered herein. We find no error.

Finally, Dunfee argues that *Hedrick* is not applicable to the facts of the matter *sub judice.* We disagree, as we find that *Hedrick* is, in fact, controlling. See, *e.g., Damper v. Motorists Mut. Ins. Co.* (Mar. 23, 1988), Summit App. No. 13311, unreported, 1988 WL 34603.

Accordingly, we find no error in the court's grant of summary judgment in favor of Mid–America. The second error assigned is overruled.

## Conclusion

Based upon the foregoing, the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN and CIRIGLIANO, JJ., concur.