OPINION
Appellant Marvin Garmier is appealing the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellee Republic Engineered Steels, Inc. ("Republic"). The following facts give rise to this appeal.
On January 9, 1997, the staff hearing officer of the Industrial Commission of Ohio denied appellant's occupational disease claim for Meniere's disease, both ears; otalgia, left ear; and tinnitus, left ear. Appellant appealed the staff hearing officer's decision to the Industrial Commission. On February 3, 1997, the Industrial Commission dismissed appellant's appeal. Thereafter, on March 31, 1997, appellant filed a notice of appeal in the Stark County Court of Common Pleas. Republic filed a motion for summary judgment on March 3, 1998. On March 31, 1998, the trial court issued a judgment entry granting Republic's motion for summary judgment on the basis that appellant's occupational disease claim is barred by the doctrine of res judicata.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DETERMINING THAT PLAINTIFF'S WORKERS' COMPENSATION APPEAL TO THE TRIAL COURT FOR PLAINTIFF'S OCCUPATIONAL DISEASE CLAIM IS BARRED BY THE DOCTRINE OF RES JUDICATA.
 II. THE TRIAL COURT ERRED IN TAKING INTO CONSIDERATION DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE AND IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, FILED MARCH 26, 1998.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's first assignment of error.
 I
Appellant maintains, in his first assignment of error, the trial court erred when it granted Republic's motion for summary judgment based on the doctrine of res judicata. We disagree.
Appellant filed a claim, for Meniere's disease, on August 23, 1996. R.C. 4123.85 provides that a claim for disability due to occupational disease must be filed within two years from the date the disability began as a result of the occupational disease. This statute provides as follows:
 In all cases of occupational disease, or death resulting from occupational disease, claims for compensation of benefits are forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or the bureau of workers' compensation or to the employer if he is a self-insuring employer.
Appellant claims he was not diagnosed with Meniere's disease until December 21, 1994. In support of this argument, appellant cites to a letter from Dr. John J. Shea in which he states: "Tests showed he has Meniere's disease." Appellant argues this is the first time he was diagnosed as suffering from Meniere's disease. Upon review of the record, we find appellant knew as early as June 3, 1987, that he suffered from Meniere's disease. The record also contains letters from October 10, 1988, September 21, 1992, and August 10, 1994, which all discuss the fact that appellant suffers from Meniere's disease.
We agree with the trial court's conclusion that appellant's claim is barred by the doctrine of res judicata. Clearly, appellant knew as early as 1987 that he suffered from Meniere's disease. The record indicates appellant previously filed a claim, for this condition, against the prior name of his employer LTV Steel, Inc. Under claim number OD 21986-22, appellant's claim was allowed for loss of hearing, left ear, and disallowed for loss of hearing, right ear. Appellant filed a motion, under claim number OD 21986-22, to have the claim further allowed for the additional conditions of tinnitus and Meniere's disease. On September 20, 1996, the hearing officer denied appellant's motion. This denial was subsequently affirmed.
Appellant now seeks to bring the same claim against his present employer, which is the same employer he filed claim number OD 21986-22 against. Clearly, this is a long-standing condition that predates appellant's employment at Republic and which has already been adjudicated. Therefore, we agree with the trial court's conclusion that appellant's claim for Meniere's disease is barred by the doctrine of res judicata.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant contends the trial court erred when it considered appellee's reply brief to appellant's response in support of appellee's motion for summary judgment. We disagree.
Appellant bases his argument on the fact that nothing in Civ.R. 56(C) permits the moving party to file a reply to the adverse party's response to the moving party's motion for summary judgment.
In the case of Dunfee v. Midwestern Indemnity Company (1990),70 Ohio App.3d 301, the Ninth District Court of Appeals addressed this issue. We agree with the court's conclusion that nothing in Civ.R. 56 precludes the filing of a reply brief by a party seeking summary judgment. Id. at 304. The trial court did not abuse its discretion when it permitted appellee to file a reply brief in support of its motion for summary judgment.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P.J., Farmer, J., concurs.
Hoffman, J., concurs separately.
______________________________
______________________________
 ______________________________ JUDGES
JWW/d 21