DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Ignatius Akpele, appeals from the summary judgment order of the Summit County Court of Common Pleas, which granted judgment to Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic"). We reverse.
 I. {¶ 2} On November 30, 1999, Ignatius Akpele signed a promissory note with Matrix Capital Mortgage Corp. for a loan of $538,000 plus interest, secured with a mortgage on real estate in Summit County, Ohio. Both the note and mortgage contained provisions specifying that the holder must give Mr. Akpele proper notice of default and a 30-day opportunity to remedy that default before accelerating the full amount due on the note or foreclosing on the mortgage.
 {¶ 3} Also on November 30, 1999, Matrix negotiated the note to Aurora Loan Services, Inc. ("Aurora") and recorded the signed and notarized document. On August 15, 2000, Aurora negotiated the note to Mortgage Electronic and recorded the signed and notarized document. By 2002, Mortgage Electronic was the holder of the note and the mortgage for the amount due from Mr. Akpele.
 {¶ 4} Apparently, Mr. Akpele defaulted on the loan in February 2002. According to Mortgage Electronic, its collecting agent sent a letter on April 10, 2002, informing Mr. Akpele that his payments were past due and that he had 30 days to remedy before Mortgage Electronic exercised the acceleration option to call due the entire unpaid principal balance and foreclose on the mortgaged property. Mortgage Electronic asserted that this letter had been sent via certified mail and that Mr. Akpele must have received it, but provided no evidence that the letter was ever sent nor any certificate, receipt or any other evidence to suggest it was ever received. On the other hand, Mr. Akpele signed an affidavit testifying that he never received this letter or any other notice of his default or impending action.
 {¶ 5} On August 27, 2002, Mortgage Electronic filed suit to foreclose on Mr. Akpele's property, and subsequently filed a preliminary judicial report and then a final judicial report to establish its claim. On September 30, 2003, plaintiff Mortgage Electronic moved for summary judgment, supported by an affidavit that it was the holder of the note and mortgage, that Mr. Akpele was in default, and that Mortgage Electronic had chosen to accelerate the debt and foreclose on the property. Defendant Akpele replied with a counter-motion for summary judgment,[1] simultaneously urging that plaintiff's summary judgment was improper on two bases: that plaintiff was not the true party in interest so necessary parties were absent, and that plaintiff failed to provide notice under the terms of the note. Mortgage Electronic responded by producing the documents establishing its status as the holder of the note and the true party in interest, and offering the unauthenticated copy of the purported notice letter.
 {¶ 6} On October 17, 2003, the trial court granted plaintiff Mortgage Electronic's motion for summary judgment, finding that an amount was past due on the note, that the mortgage was properly assigned to plaintiff, and that plaintiff was entitled to foreclose. The trial court's order did not address defendant's motion for summary judgment or the question of proper notice. The trial court concluded that there was "no just reason for delay," certifying the order for appeal pursuant to Civ.R. 54(B). On November 17, 2003, Mr. Akpele timely appealed the decision to this Court and asserted two assignments of error. We combine these two assignments of error to facilitate review.
 II. First Assignment of Error
"Whether the trial court erred in granting summary judgment in favor of plaintiff-appellee Mortgage Electronic Registration Systems[.]"
 Second Assignment of Error
"Whether the trial court erred in not granting summary judgment in favor of defendant-appellant Ignatius Akpele."
 {¶ 7} Appellant Mr. Akpele avers that the trial court erred in granting summary judgment because Mortgage Electronic failed to establish its right to enforce as the true party in interest and furthermore failed to provide the notice due under the terms of the note or mortgage. For these same reasons, Mr. Akpele asserts that the trial court erred in failing to grant summary judgment in his favor. Although we support the trial court's finding that Mortgage Electronic is the true party in interest,[2] we need not reach that issue. Because we find that the question of proper notice provides a genuine issue of material fact, we agree with appellant Mr. Akpele that summary judgment was improper and sustain his first assignment of error. On this same basis, we overrule Mr. Akpele's second assignment of error.
 {¶ 8} Appellate courts review the grant of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio EdisonCo., 77 Ohio St.3d 102, 105, 1996-Ohio-336. Accordingly, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion."Am. Energy Servs. Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208. Under Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 9} The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 1996-Ohio-107. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 10} Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Dresher, 75 Ohio St.3d at 293. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 11} Pursuant to Civ.R. 56(C), only certain evidence and stipulations, as set forth in that section, may be considered by the court when rendering summary judgment. Specifically, the court is only to consider "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence and written stipulations of fact." Civ.R. 56(C). An affidavit must be made on personal knowledge and a sworn or certified copy of the document referred to in the affidavit must be attached to or served with it. Civ.R. 56(E). The requirement that the papers be sworn or certified may also be satisfied by a certification contained within the paper itself. Wall v. FirelandsRadiology (1995), 106 Ohio App.3d 313, 334, citing Olverson v. Butler
(1975), 45 Ohio App.2d 9, 12.
 {¶ 12} In the present case, the note and mortgage by their own terms each require particular notice before the holder can seek to enforce. This aspect is uncontested. Mortgage Electronic has offered a copy of a letter dated April 10, 2002 as evidence of its purported notice to Mr. Akpele of his default and its intent to accelerate the entire unpaid principal balance if he did not remedy within 30 days. Although this unsigned letter is labeled as "certified mail," Mortgage Electronic produced no certified mail receipt, acquisition of which is ordinarily the reason for sending a letter via certified mail. This letter was entered into the record as an attachment to "Plaintiff's Response to Defendant's Reply to Motion for Summary Judgment." However, this letter was not notarized, signed or certified by any individual. The motion filing contained no Civ.R. 56(E) certifying affidavit, nor any expression of personal knowledge that the letter was true or genuine. Furthermore, Mortgage Electronic provided no evidence that this letter was ever actually mailed, let alone received. Therefore, this evidence fails the Civ.R 56(C) and Civ.R. 56(E) threshold requirements for proper consideration and the moving party, Mortgage Electronic, failed to meet its affirmative burden.
 {¶ 13} On the other hand, in opposition to summary judgment, Mr. Akpele submitted his own signed affidavit testifying that he never received this letter or any notice of his default or impending action, and entered the affidavit into the record by appending it to a motion filing. In a dispute over actual notice, an uncontradicted sworn statement is ordinarily sufficient to overcome a presumption that notice sent was actually received. See Grill v. Ohio Dept. of Job FamilyServs. (2003), 9th Dist. No. 03CA0029-M, 2003-Ohio-5780, ¶ 26. However, in the present case, Mortgage Electronic clearly contests Mr. Akpele's assertion that he never received notice, making this dispute a genuine issue of material fact for trial. Therefore, summary judgment is improper to resolve this issue.
 III. {¶ 14} Mr. Akpele's first assignment of error is sustained on the question of proper notice. Mr. Akpele's second assignment of error is overruled. The order of the Summit County Court of Common Pleas is reversed and remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Whitmore, P.J. Baird, J. concur.
[1] Mr. Akpele had also filed cross-claims against Charles and Margaret Njoku, which were not decided by the trial court and not a subject of this appeal.
[2] Upon a complete review of the record, Mortgage Electronic appears to have cured any defects to the chain of title for proper assignment of the mortgage. The complete sequence of assignments, each signed, notarized and recorded, was entered into the record and demonstrates Mortgage Electronic's status as the holder of the note and mortgage. Furthermore, the determination that Mortgage Electronic is the proper holder negates any need for additional parties and moots any argument that the plaintiff failed to join necessary parties.