[Cite as *Syphard v. Moore Peterson/Accordia*, 2010-Ohio-6501.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JERRY L. SYPHARD, et al., | ) | |
| | ) | CASE NO. 09 MA 151 |
| PLAINTIFFS-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | |
| MOORE PETERSON/ACCORDIA, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from Common Pleas
Court, Case No. 06 CV 2037.

JUDGMENT:      Affirmed.

APPEARANCES:
For Plaintiffs-Appellant:      Attorney John A. McNally, III
100 Federal Plaza East
Suite 600
Youngstown, OH  44503

For Defendants-Appellee:      Attorney Ellyn Mehendale, Janik, LLP
9200 South Hills Boulevard
Suite 300
Cleveland, OH  44147-3251

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: December 22, 2010

DeGenaro, J.

{¶1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs and their oral arguments before this court. Jerry J. Syphard appeals the August 24, 2009 decision of the Mahoning County Court of Common Pleas that granted summary judgment on a negligence action in favor of Appellee, Moore Peterson Accordia, because the action was barred by the statute of limitations. Syphard argues that because the trial court initially denied Accordia's motion for summary judgment it was required to deny the motion a second time because it was barred by the doctrine of res judicata. In a conditional cross-assignment of error, Accordia argues that the trial court's initial denial of the motion for summary judgment was erroneous.

{¶2} The trial court's summary judgment in favor of Accordia was not barred by res judicata, as the first decision to deny summary judgment did not constitute a final order. Further, the trial court had the broad discretion to reconsider its prior ruling on the summary judgment motion, even in light of the fact that the civil rules do not explicitly provide for a party to move the court to reconsider an interlocutory order. Finally, because Syphard's action was barred by the statute of limitations, Accordia's first motion for summary judgment should have been granted. Accordingly, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶3} Syphard used the services of Accordia, a retail insurance broker, to find insurance companies to provide coverage for Syphard's various business needs. Syphard alleged that an Accordia agent encouraged him to increase the limits of his uninsured and under-insured motorist coverage with Auto-Owners Insurance Company from $300,000.00 to $1 million. Syphard alleged that he agreed with the suggestion, and asked the agent to make that change with his automobile insurer, for the policy term beginning June 27, 1999. Soon afterward, on August 3, 1999, Syphard was involved in a motorcycle collision, in which he was severely injured. The negligent party's insurance carrier covered $100,000.00 for the accident, and Syphard's carrier, Auto-Owners Insurance Company, covered $200,000.00. Although Syphard's medical bills exceeded that amount, his coverage benefits were limited to $300,000.00, instead of the $1 million that Syphard had expected.

{¶4} Syphard filed a Complaint against Accordia and the agent on May 26, 2006,

alleging that the agent, while acting within the scope of his employment with Accordia, breached his fiduciary duty to Syphard by negligently failing to procure certain agreed-upon insurance policies, and that Syphard suffered uncompensated insurance claims as a result.  In its answer and in its Motion for Judgment on the Pleadings, Accordia asserted, among other things, that Syphard's complaint was barred by the four-year statute of limitations for tort actions.  Syphard filed an amended complaint, joining additional plaintiffs, and Accordia answered, again claiming that the action was barred by the statute of limitations.[1]

{¶5}    Accordia argued in its first Motion for Summary Judgment that Syphard's claim was barred by the applicable statute of limitations, and that Syphard had failed to present essential elements of his claim, such as the existence of a duty and the applicable standard of care.  Syphard opposed the motion, arguing among other things, that his action was timely within the fifteen-year statute of limitations for written agreements.  In its reply brief, Accordia argued that Syphard's action was in negligence, not for breach of a written contract, and thus the four-year statute of limitations applied.  The trial court summarily overruled Accordia's summary judgment motion.  The original trial judge then recused himself from the case and another judge was assigned.

{¶6}    Accordia filed a Motion for Reconsideration of the trial court's order denying of summary judgment, solely arguing the issue of the statute of limitations.  Syphard opposed the motion, arguing that the Ohio Rules of Civil Procedure do not allow for a motion for reconsideration.  The trial court granted Accordia's Motion for Reconsideration, and requested that the parties brief the issue of the statute of limitations.  The trial court granted Accordia's second Motion for Summary Judgment, holding that it had the discretion to reconsider its prior interlocutory order, and that Syphard's cause of action sounded in tort, making it time-barred by the applicable four-year statute of limitations.

**Reconsideration of Denial of Summary Judgment**

{¶7}    In his sole assignment of error, Syphard asserts:

{¶8}    "The trial court erred by granting summary judgment in favor of the

---

[1] Syphard also argued that not all the required parties were before the court as the agent had died, and a Suggestion of Death had been filed with no fiduciary yet appointed for the estate.  The agent's estate is not a party to this appeal.

defendant-appellee, Moore Peterson Accordia."

**{¶9}** Syphard's argument is two-fold, first that the Rules of Civil Procedure do not provide for a motion for reconsideration, and second, that the trial court's initial decision denying Accordia's motion for summary judgment became res judicata, and that the trial court was thus prohibited from granting the second motion. Moreover, Syphard is asking for a review of the trial court's decision to reconsider its prior ruling, rather than a review of any of the substantive merits of the summary judgment order itself. Thus, the de novo standard of review normally applied to summary judgments does not apply here. Instead, a trial court's decision to make a particular procedural ruling is reviewed for abuse of discretion. *Harmon v. Baldwin,* 107 Ohio St.3d 232, 2005-Ohio-6264, 837 N.E.2d 1196, at ¶15-16. An abuse of discretion connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Id. at ¶16.

**{¶10}** Syphard first argues that the Ohio Rules of Civil Procedure do not provide for a party to move a trial court to reconsider an interlocutory order, and thus that Accordia's May 14, 2009 Motion for Reconsideration was a nullity, citing this Court's decision in *Taylor v. Brocker* (1996), 111 Ohio App.3d 80, 675 N.E.2d 864.

**{¶11}** In *Taylor*, the appellee filed two cross-assignments of error, first asserting that the trial court "erred as a matter of law" in overruling the appellee's motion for summary judgment, and second asserting that the trial court "erred as a matter of law" in overruling appellee's motion for reconsideration of that same summary judgment motion. Id. at 86. This Court found that the appellee's substantive argument regarding the summary judgment motion was meritless, and quickly disposed of the reconsideration argument by noting that "the Civil Rules do not provide for motions for reconsideration in the trial court" and thus that "a trial court does not err by denying such a motion without explanation." Id., quoting *Dunfee v. Midwestern Indemn. Co.* (1990), 70 Ohio App.3d 301, 305, 590 N.E.2d 1365, citing *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 21 O.O.3d 238, 423 N.E.2d 1105, paragraph one of the syllabus.

**{¶12}** Syphard seems to conclude that the language "the Civil Rules do not provide for motions for reconsideration in the trial court" indicates that the trial court is prohibited from considering any motion for reconsideration. Syphard's reasoning conflates the discretion to deny with a requirement to deny. This Court's decision in

*Taylor* does not stand for the proposition that a trial court may not ever consider a motion for reconsideration. Instead, it merely points out that the trial court has the broad discretion to overrule the motion, and has no obligation under the Civil Rules to provide an explanation.

{¶13} Additionally, Syphard's argument does not acknowledge the difference between a motion to reconsider a final judgment and a motion to reconsider an interlocutory order. In *Pitts*, the Ohio Supreme Court explained that judgments and final orders are not subject to motions for reconsideration, "either expressly or impliedly," because Civ.R. 60(B) dictates that a party's ability to seek relief from a final judgment is limited to the methods *expressly* provided in the rules, and a motion for reconsideration is only *impliedly* referenced in Civ.R. 54(B). *Pitts* at 379-380. However, *Pitts* explicitly noted that ""[i]nterlocutory orders are subject to motions for reconsideration," pursuant to the language of Civ.R. 54(B). Id. at 379. This court has consistently followed *Pitts* and held that a trial court has the discretion to entertain a motion for reconsideration of an interlocutory order. See, e.g., *Tablack v. Wellman*, 7th Dist. No. 04-MA-218, 2006-Ohio-4688, at ¶39; *Yeater v. Bob Betson Ent.*, 7th Dist. No. 04-BE-46, 2005-Ohio-6943, at ¶10; *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 240-241, 743 N.E.2d 484 (7th Dist.).

{¶14} Second, Syphard argues that the doctrine of res judicata barred the trial court from considering the second motion for summary judgment. The doctrine of res judicata applies to a court's final judgment or decree. "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, at syllabus. However, the denial of a motion for summary judgment generally does not constitute a final order pursuant to R.C. 2505.02(B), because it does not determine the action and prevent a judgment. *Celebrezze v. Netzley* (1990), 51 Ohio St.3d 89, 90, 554 N.E.2d 1292. A determination which is not a final judgment "is subject to revision at any time" before the entry of a final judgment. Civ.R. 54(B); *Creaturo v. Duko*, 7th Dist. No. 04 CO 1, 2005-Ohio-1342, at ¶28. The denial of a motion for summary judgment is therefore an interlocutory order, which the trial court has the broad discretion to reconsider any time

prior to the entering of final judgment. *Celebrezze* at 90. Thus, the doctrine of res judicata does not apply here, which Syphard conceded at oral argument.

{¶15} Given the foregoing, neither the Civil Rules nor the doctrine of res judicata prohibited the trial court from entertaining Accordia's Motion for Reconsideration. Accordingly, Syphard's assignment of error is meritless.

## Statute of Limitations

{¶16} Pursuant to App.R. 3(C)(2), Accordia asserts a conditional cross-assignment of error to argue an alternative basis to affirm the trial court's decision as follows:

{¶17} "The trial court erred in initially denying defendant's summary judgment."

{¶18} Summary judgment is proper when (1) there remains no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and with the evidence construed in favor of the party against whom the motion is made, that conclusion is adverse to that party. Civ.R. 56(C). An appellate court reviews a trial court's decision to grant summary judgment de novo. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶19} Where the statute of limitations has expired prior to the filing of the complaint, the plaintiff's action is time-barred, and must fail as a matter of law. R.C. 2305.03. The issue of whether the statute of limitations has run on a particular action depends upon which statute applies. *Federal Financial Co. v. Andes*, (Mar. 29, 1999), 7th Dist. No. 96-BA-40, at *4. Further, "[t]he ground of the action and the nature of the demand determine which statute of limitations is applicable." *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 173, 63 O.O.2d 262, 297 N.E.2d 113. If the basis of the complaint sounds in contract, the action would be governed by the fifteen-year statute of limitations for a written contract, or six years for a contract not in writing. R.C. 2305.06; R.C. 2305.07. If the basis of the complaint sounds in tort, the action will generally be governed by the four-year statute of limitations, pursuant to R.C. 2305.09.

{¶20} In Syphard's First Amended Complaint he asserted three claims. First, that Accordia's agent agreed to procure an insurance policy with a certain amount of coverage for Syphard, that the agent failed to procure such coverage through misfeasance or

malfeasance, and that the insurance company provided less coverage than expected as a result. Second, that the agent negligently failed to procure the requested insurance, and breached a duty owed to Syphard. Finally, that the agent acted within the scope of his employment with Accordia when he breached his duty to Syphard.

**{¶21}** Syphard does not make any claims that Accordia or the agent had breached a written contract that existed between them and Syphard. Instead, Syphard has solely pleaded the basic elements of a negligence claim: duty, breach, causation and damages. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.* (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 271. Thus, Syphard's complaint sounds in tort.

**{¶22}** Because Syphard's complaint sounded in tort, it is governed by the four-year statute of limitations provided by R.C. 2305.09. The injury that gave rise to this action occurred on August 3, 1999, and Syphard filed the complaint on May 26, 2006, almost seven years later. Because there is no question of fact that the action was commenced more than four years after the injury, and because Syphard's complaint, on its face, is limited to a claim of negligence, Syphard's complaint was time-barred, and should fail as a matter of law. Accordingly, Accordia was entitled to judgment as a matter of law, and the trial court should have granted Accordia's original motion for summary judgment for this reason alone.

**{¶23}** For the foregoing reasons, Syphard's sole assignment of error is meritless, and Accordia's conditional cross-assignment of error is meritorious, and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

Waite, J., concurs.