[Cite as *U.S. Bank, N.A. v. Martin*, 2014-Ohio-3874.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, SUCCESSOR TRUSTEE TO BANK OF AMERICAN, N.A. AS SUCCESSOR TO LASALLE BANK, N.A. AS TRUSTEE FOR THE MERRILL LYNCH FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007, | ) ) ) ) ) ) ) ) | |
| | ) | CASE NO. 13 MA 107 |
| PLAINTIFF-APPELLEE, | ) ) | OPINION |
| V. | ) ) | |
| DANIEL MARTIN AKA DANIEL L. MARTIN, | ) ) ) | |
| DEFENDANT-APPELLANT. | ) ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 12CV1013

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Attorney Sarah E. Leibel
3962 Red Bank Road
Cincinnati, Ohio 45227

For Defendant-Appellant    Attorney Thomas N. Michaels
839 Southwestern Run
Youngstown, Ohio 44514

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 4, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Daniel Martin appeals the decision of the Mahoning County Common Pleas Court granting summary judgment for plaintiff-appellee U.S. Bank, N.A. in its foreclosure action.

{¶2} In 2007, Martin signed a promissory note for $165,000 and entered a corresponding mortgage on 501 Quisner Avenue, Lowellville, OH 44436. U.S. Bank was later assigned the note and mortgage. Martin defaulted on the loan.

{¶3} On April 5, 2012, U.S. Bank filed a complaint seeking judgment on the note and mortgage, and asking for foreclosure on the property. Martin filed an answer setting forth numerous affirmative defenses, including that U.S. Bank had failed to follow proper notice procedures as required by the mortgage prior to filing its complaint.

{¶4} U.S. Bank then filed for summary judgment on July 30, 2012. Attached to the motion was a copy of the assignment of the mortgage and, of particular relevance to this appeal, the notice of intent to accelerate, labeled as Exhibit B, that U.S. Bank had sent to Martin on September 2, 2011. Also in support of its motion, U.S. Bank separately filed that same day the affidavit of Carol Yagusic, an authorized signer and an Assistant Vice President of Bank of America, N.A., the loan servicing agency for U.S. Bank. Yagusic averred that Martin had defaulted under the terms of the note and mortgage by failing to make his monthly installment payments, that the debt had been accelerated, and that the total due under the note was the principal sum of $156,156.40 plus interest. Attached to Yagusic's affidavit were copies of the note, mortgage, account information statement, and the assignment of the mortgage.

{¶5} Martin filed a memorandum in opposition on April 4, 2013, claiming only that he did not receive any notice of acceleration. That same day, he also filed a motion to strike Exhibit B attached to U.S. Bank's summary judgment motion essentially arguing that the copy of the notice of intent to accelerate was not properly authenticated and that the affidavit failed in that regard by not referencing it.

{¶6} On May 1, 2013, U.S. Bank filed a memorandum in opposition to Martin's motion to strike Exhibit B on two grounds. First, U.S. Bank alleged that it did

not receive Martin's motion to strike until Monday, April 29, 2013, despite its time-stamp of April 4, 2013, in violation of Civ.R. 5(A). Second, U.S. Bank argued that, under Civ.R. 12(F) which governs a motion to strike, Exhibit B was not "redundant, immaterial, impertinent or scandalous matter" and that Martin had failed to argue that it was.

{¶7} That same day, U.S. Bank separately filed a reply to Martin's memorandum in opposition, arguing that Martin's answer failed to allege with specificity and particularity that the note and mortgage had not been properly accelerated. Additionally, U.S. Bank argued that it had complied with the terms of the note and mortgage by sending the acceleration notice to Martin. Stating that it did not have sufficient time to attach an affidavit because it was not served with Martin's pleadings until April 29 and the response was due to the trial court on May 1, it was reserving the right to supplement its reply brief with an affidavit.

{¶8} Two weeks later on May 15, 2013, U.S. Bank filed a supplemental affidavit in support of its summary judgment motion and in response to Martin's motion to strike. The affidavit was executed by Arsheen Littlejohn. In it, she authenticates a copy of the notice of intent to accelerate that U.S. Bank had previously presented in support of its summary judgment motion. The notice reflects that U.S. Bank sent it to Martin on September 2, 2011, by first class mail.

{¶9} On June 10, 2013, the trial court granted summary judgment in favor of U.S. Bank, concluding that U.S. Bank was entitled to a decree of foreclosure. This appeal followed.

{¶10} Martin sets forth one assignment of error with two corresponding issues presented for review. One issue concerns the propriety of Exhibit B, which U.S. Bank attached in support of its July 30, 2012 summary judgment motion. The other issue concerns whether U.S. Bank's May 15, 2013 supplemental affidavit served to establish that it had provided proper notice of acceleration to Martin. Martin's sole assignment of error states:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN

GRANTING SUMMARY JUDGMENT TO PLAINTIFF-APPELLEE[.] (JUDGMENT ENTRY DATED JUNE 10, 2013[.])

**{¶11}** An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment can be granted where there remain no genuine issues of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Id.,* citing *Dresher v. Burt,* 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

**{¶12}** Thereafter, the nonmovant may not rest upon the mere allegations or denials of the party's pleadings. Civ.R. 56(E). The burden shifts to the nonmoving party to produce evidence on any issue for which it would bear the burden of production at trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997); Civ.R. 56(E) (requiring the nonmoving party to put forth summary judgment compliant evidence that sets forth specific facts showing that there is a genuine issue for trial). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

**{¶13}** The mortgage here addressed the notice of acceleration as follows:

> Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default

on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

### Civ.R. 9(C) & Condition Precedent

{¶14} "Where prior notice of default and/or acceleration is required by a provision in a note or mortgage instrument, the provision of notice is a condition precedent," and it is subject to the requirements of Civ.R. 9(C). *First Financial Bank v. Doellman*, 12th Dist. No. CA2006-02-029, 2007-Ohio-222, ¶ 20. Civ.R. 9(C) provides: "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred." By contrast, "[a] denial of performance or occurrence shall be made specifically and with particularity." *Id*. Conditions precedent that are not denied in the manner provided by Civ.R. 9(C) are deemed admitted. *Fifth Third Mtge. Co. v. Orebaugh*, 12th Dist. No. CA2012-08-153, 2013-Ohio-1730, ¶ 29, citing *First Financial* at ¶ 20; *see also* Civ.R. 8(D).

{¶15} In this instance, Martin satisfied Civ.R. 9(C) when he specifically alleged in paragraph eighteen of his answer that U.S. Bank had failed to comply with the notice provisions of the mortgage prior to filing its complaint in foreclosure. Although U.S. Bank took issue with whether Martin had alleged with sufficient specificity and particularity denial of receipt of the acceleration notice, U.S. Bank

does not dispute this on appeal.

*Original Affidavit & Copy of Notice of Intent to Accelerate*

**{¶16}** U.S. Bank filed its summary judgment motion on July 30, 2012. One of the attachments to the motion was a copy of the notice of intent to accelerate, labeled as Exhibit B. Also in support of its motion, U.S. Bank separately filed the affidavit of Carol Yagusic, an authorized signer and an Assistant Vice President of Bank of America, N.A., the loan servicing agency for U.S. Bank. Yagusic averred that Martin had defaulted under the terms of the note and mortgage by failing to make his monthly installment payments, that the debt had been accelerated, and that the total due under the note was the principal sum of $156,156.40 plus interest. Attached to Yagusic's affidavit were the note, mortgage, account information statement, and an assignment of the mortgage.

**{¶17}** On appeal, Martin argues that since Exhibit B was not attached to Yagusic's affidavit and incorporated by reference therein it was not properly authenticated in accordance with Civ.R. 56 and should not have been considered by the trial court. In response, U.S. Bank contends that it never represented to the trial court that Yagusic's affidavit authenticated the copy of the notice of intent to accelerate. Instead, U.S. Bank relied on the May 15, 2013 supplemental affidavit it filed in support of its reply brief in support of its summary judgment motion.

**{¶18}** U.S. Bank readily acknowledges the body of case law that has developed holding that the acceleration notice must be authenticated in order to be considered proper Civ.R. 56 evidence. *First Fin. Bank v. Doellman*, 12th Dist. CA2006-02-029, 2007-Ohio-222 (letter providing notice that was attached to lender's reply memorandum was not incorporated by reference into an affidavit or authenticated); *Mortgage Electronic Registration Systems, Inc. v. Akpele*, 9th Dist. No. 21822, 2004-Ohio-3411 (default letter attached to reply brief not authenticated by affidavit); *Wells Fargo Bank N.A. v. Shalvey*, 5th Dist. No. 06CAE090060, 2007-Ohio-3928 (notice of default not submitted with summary judgment and copy attached to reply brief not authenticated by affidavit.)

{¶19} In sum, the notice of intent to accelerate attached to U.S. Bank's July 30, 2012 summary judgment (Exhibit B) was not properly authenticated. U.S. Bank concedes this and instead relies on its May 15, 2013 supplemental affidavit authenticating the acceleration notice to establish that it sent the acceleration notice to Martin. Given U.S. Bank's position on this point and the lack of any indication in the record that the trial court relied on Exhibit B in granting U.S. Bank's summary judgment, the exhibit is a nonissue on appeal.

*Procedural Propriety of May 15, 2013 Supplemental Affidavit*

{¶20} Next, Martin argues that the trial court should not have considered U.S. Bank's May 15, 2013 supplemental affidavit (which contained the properly authenticated acceleration notice). U.S. Bank filed its summary judgment motion on July 30, 2012. Martin filed a memorandum in opposition on April 4, 2013. U.S. Bank then filed a reply in support of its summary judgment motion on May 1, 2013, which Martin points out did not contain an affidavit or any exhibits. Martin argues that U.S. Bank had from July 31, 2012, until May 15, 2013, to submit an additional affidavit in support of its summary judgment but did not do so until after he had informed it that the motion was allegedly deficient. Martin argues that the trial court should not have considered U.S. Bank's May 15, 2013 supplemental affidavit because it did not file it until the date of the hearing on the summary judgment motion and it was not otherwise permitted under the local rules of court.

{¶21} In response, U.S. Bank states that its May 1, 2013 reply in support of its summary judgment motion indicated that a supplemental affidavit would be forthcoming. As for any delay in filing its May 1, 2013 reply, U.S. Bank points out that the parties were engaged in an unsuccessful attempt to mediate the case during that period of time. Additionally, U.S. Bank contends that it was not properly served with Martin's April 4, 2013 memorandum in opposition.

{¶22} Upon review, we conclude that the trial court did not abuse its discretion in considering U.S. Bank's May 15, 2013 supplemental affidavit. First, Martin concedes that he did not object to the supplemental affidavit or the exhibits. A

nonmovant's failure to object to the form of evidence attached to a movant's summary judgment motion results in waiver of any later objection as to the form of that evidence. *Wells Fargo Home Mtge., Inc. v. Landram*, 2d Dist. No. 2011-CA-38, 2012-Ohio-1088, ¶ 17 (mortgagor waived any objection to mortgagee's reliance upon mortgagor's bank statements which proved that mortgagor could not have sent a check with sufficient funds to cure a default by never objecting to the form of that evidence attached to mortgagor's summary judgment motion in foreclosure action); *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987) (failure to move to strike or otherwise object to documentary evidence submitted by a party in support of a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)).

**{¶23}** Second, Martin does not cite a local rule that would have prohibited U.S. Bank from filing the supplemental affidavit in support of its reply brief. As for U.S. Bank's reply brief (in which it indicated that it would be filing a supplemental affidavit in support), nothing in Civ.R. 56 precludes the filing of a reply brief by the party seeking summary judgment. *Dunfee v. Midwestern Indemn. Co.*, 70 Ohio App.3d 301, 590 N.E.2d 1365 (9th Dist.1990).

*Sufficiency of May 15, 2013 Supplemental Affidavit*

**{¶24}** Next, Martin argues that U.S. Bank's May 15, 2013 supplemental affidavit was substantively insufficient to support its summary judgment motion. Martin takes issue with the affidavit itself and the attachment concerning the notice of intent to accelerate. The affidavit was executed by Arsheen Littlejohn. Martin states that Littlejohn's affidavit fails to state if she is employed by Bank of America and if so, in what capacity. Martin argues that Littlejohn's affidavit reflects that she has no personal knowledge of the manner in which U.S. Bank's documents are executed or how U.S. Bank mails documents to account holders. As for the notice of intent to accelerate, Martin contends that it does not identify the person sending the notice or how it was sent.

**{¶25}** In response, U.S. Bank argues that Littlejohn's affidavit does indicate

her employment with Bank of America and her position with Bank of America. Further, U.S. Bank argues that Littlejohn has sufficient personal knowledge of the documents attached to her affidavit. Lastly, U.S. Bank maintains that the notice of intent to accelerate was properly authenticated and adequate to establish that it had provided Martin with notice of its intent to accelerate.

**{¶26}** The facts relied upon in a motion for summary judgment must be the type of evidence listed in Civ.R. 56(C), which includes affidavits. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). The personal knowledge requirement is satisfied if the affiant states that the affidavit was made on personal knowledge (unless controverted by other evidence) or if the contents of the affidavit allow one to infer that the affidavit was made upon personal knowledge. *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA8308, 2004-Ohio-1986, ¶ 14-16 (personal knowledge where affiant stated she was a foreclosure specialist at bank, loan file was under her immediate supervision, instruments attached to the complaint were accurate copies of the originals, the account was in default for the amount stated). *See also Ohio Health Corp. v. Ryan,* 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 32; *Chase Bank, USA v. Curren,* 191 Ohio App.3d 507, 2010-Ohio-6596, 946 N.E.2d 810, ¶ 18 (4th Dist.) (personal knowledge may be inferred from the contents).

**{¶27}** Regarding documents referenced in an affidavit, "Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." *Id.* This requirement is satisfied by a statement in the affidavit declaring that the documents attached are true copies. *State ex rel. Corrigan v. Seminatore,* 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

**{¶28}** In this instance, U.S. Bank's May 15, 2013 supplemental affidavit and its attachments conformed with Civ.R. 56 and served to establish that U.S. Bank complied with the notice of provision of the mortgage. Contrary to Martin's argument, Littlejohn's affidavit clearly indicates that she is an employee of Bank of America. In

the first paragraph of the affidavit she states that she is an officer of Bank of America, which is U.S. Bank's servicer of the loan. The signature line of the affidavit identifies her title as an "AVP, Operations Team Manager."

**{¶29}** Also, the personal knowledge requirement of the affidavit was satisfied. Martin seems to argue that Littlejohn must have firsthand knowledge of the documents and records that were generated in connection with his note and mortgage, but that is not what is required. As it pertains to business records, the personal knowledge requirement stems from Evid.R. 803(6) which governs the admissibility of business records as an exception to the hearsay rule:

> (6) Records of regularly conducted activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term 'business' as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

**{¶30}** "The rationale behind Evid.R. 803(6) is that if information is sufficiently trustworthy that a business is willing to rely on it in making business decisions, the courts should be willing to as well." *Deutsche Bank Natl. Trust Co. v. Hansen,* 5th Dist. No. 2010 CA 00001, 2011-Ohio-1223, ¶ 21, citing Staff Note to Evid.R. 803(6). "To qualify for admission under Rule 803(6), a business record must manifest four essential elements: (i) the record must be one regularly recorded in a regularly conducted activity; (ii) it must have been entered by a person with knowledge of the

act, event or condition; (iii) it must have been recorded at or near the time of the transaction; and (iv) a foundation must be laid by the 'custodian' of the record or by some 'other qualified witness.'" *State v. Davis,* 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171, quoting Weissenberger, Ohio Evidence Treatise (2007) 600, Section 803.73. *See also McCormick v. Mirrored Image, Inc.*, 7 Ohio App.3d 232, 233, 454 N.E.2d 1363 (1982).

**{¶31}** The phrase "other qualified witness" is not strictly or narrowly interpreted as Martin might have it be. *See State v. Patton*, 3d Dist. App. No. 1-91-12, 1992 WL 42806 (Mar. 5, 1992), citing 1 Weissenberger's Ohio Evidence (1985) 75, Section 803.79. In other words, it is not necessary that the affiant have firsthand knowledge of the transaction giving rise to the record. *State v. Vrona*, 47 Ohio App.3d 145, 547 N.E.2d 1189 (9th Dist.1988), paragraph two of the syllabus. "Rather, it must be demonstrated that: the witness is sufficiently familiar with the operation of the business and with the circumstances of the record's preparation, maintenance and retrieval, that he can reasonably testify on the basis of this knowledge that the record is what it purports to be, and that it was made in the ordinary course of business consistent with the elements of Rule 803(6)." *Patton, supra*, quoting Weissenberger at 76.

**{¶32}** Littlejohn stated that she has personal knowledge of the procedures for creating the records in connection with the loan. At paragraph three of her affidavit, she explained, in detail, the nature of her personal knowledge of the records generated in connection with the loan:

> The information in this affidavit is taken from [Bank of America, N.A.] BANA's business records. These records are: (a) made at or near the time of the occurrence of the matters recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of BANA's regularly conducted business activities; and (c) created by BANA as a regular practice. I have personally reviewed the

attached records, and I make this affidavit from a review of those business records, and from my personal knowledge of how said records are created and maintained.

**{¶33}** Thus, on its face, Littlejohn's affidavit was sufficient to establish she had personal knowledge of the documents and records concerning Martin's note and mortgage. Notably, Littlejohn's affidavit was not controverted by other evidence. *Bank One, N.A.*, *supra*.

**{¶34}** Given the sufficiency of Littlejohn's affidavit, her incorporation by reference of the notice of intent to accelerate was likewise sufficient to authenticate that document. She stated that Exhibit E, a copy of the notice of intent to accelerate, was a true and accurate copy of the notice that was sent to Martin.

**{¶35}** As indicated earlier, section twenty-two of the mortgage does provide that the Lender must give notice to the Borrower of the breach of any covenant. It also indicates what information the notice must contain. Martin does not argue that the notice does not contain the information required. Rather, his argument is that he did not receive service of the notice. Section twenty-two of the mortgage does not specifically address service, however, section fifteen of the mortgage does:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. * * * There may be only one designated notice address under this Security Instrument at any one time. * * * If any notice required by this Security Instrument is also

required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**{¶36}** Exhibit E, attached to and authenticated by Littlejohn's affidavit, clearly reflects that the notice of intent to accelerate was sent by first class mail to Martin. Exhibit E contains a copy of the envelope bearing Martins address and first class postage. The notice itself reflects that it was sent to Martin on September 2, 2011.

**{¶37}** Although the notice does not bear the signature of a person, Martin has not cited any provisions of the note or mortgage that require that it be signed by a person. Nor has he cited any statutory or case law requiring that such a notice contain a signature.

**{¶38}** As for Martin's argument that he never received the notice, he concedes that the mortgage does not require that U.S. Bank show that he actually received the notice of intent to accelerate, but instead incongruously contends that it creates a genuine issue of material fact. Martin's affidavit stating that he did not receive notice may create a genuine of issue of material fact as to whether he actually received the notice. But the terms of the mortgage do not require that he actually receive the notice. There is no genuine issue of material fact as to whether U.S. Bank sent the notice by first class mail, which is all that was required under the terms of the mortgage. In a similar case involving a mortgagor who filed an affidavit claiming they had not received service of the notice, this court found such evidence does not create a genuine issue of material fact concerning whether the mortgagee had sent a compliant notice according to the terms of the mortgage. *CitiMtge., Inc. v. Loncar*, 7th Dist. No. 11 MA 174, 2013-Ohio-2959, appeal not allowed, 2013-Ohio-5096, 137 Ohio St.3d 1413, 998 N.E.2d 511. *See also Fifth Third Mtge. Co. v. Wizzard*, 10th Dist. No. 2013-Ohio-3084 appeal not allowed, 2013-Ohio-5285, 137 Ohio St.3d 1423, 998 N.E.2d 1178 (In response to mortgagor's claim that she never "received" acceleration notice, court held that compliance with the notice provisions of the note and mortgage did not hinge upon mortgagor's actual receipt of the notice of default.)

**{¶39}** In sum, U.S. Bank brought a foreclosure action against Martin for defaulting on his loan and mortgage. Contrary to Martin's argument, U.S. Bank's May 15, 2013 supplemental affidavit in support of its summary judgment motion was properly before the trial court. Additionally, that affidavit properly authenticates the September 2, 2011 notice of intent to accelerate that U.S. Bank sent to Martin by first class mail. There is no genuine dispute as to any material fact, and the trial court properly sustained U.S. Bank's motion for summary judgment and granted the foreclosure.

**{¶40}** Accordingly, Martin's sole assignment of error is without merit.

**{¶41}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.