[Cite as *Wells Fargo Home Mtge., Inc. v. Landram*, 2012-Ohio-1088.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### CLARK   COUNTY

WELLS FARGO HOME MORTGAGE,      :

INC., (fka Norwest Mortgage, Inc.)      :      Appellate Case No. 2011-CA-38

     :

     Plaintiff-Appellee      :      Trial Court Case

     No. 03-CV-1550

     :

v.      :

     :      (Civil Appeal from

JAMES E. LANDRAM, et al.      :      Common Pleas Court)

     :

     Defendant-Appellant      :

     :

. . . . . . . . . . .

# O P I N I O N

Rendered on the 16th day of March, 2012.

. . . . . . . . . . .

SCOTT A. KING, Atty. Reg. #0037582, and TERRY W. POSEY, JR., Atty. Reg. #0078292, Thompson Hine LLP, Austin landing I, 10050 Innovation Drive, Suite 400, Dayton, Ohio 45342
     Attorneys for Plaintiff-Appellee

BRANDIN MARLOW, Atty. Reg. #0076381, 150 North Limestone Street, Suite 218, Springfield, Ohio 45501
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Donelda Brown appeals from a summary judgment rendered against her in a foreclosure action filed by plaintiff-appellee Wells Fargo Home

Mortgage, Inc.  Brown contends that a genuine issue of fact exists with regard to whether she was actually in default on the mortgage loan due to mistakes made by Wells Fargo in crediting her account.

{¶ 2}    We conclude that the record establishes that Brown was in default and that she failed to cure the default.  Thus, no issues remain for a consideration by a jury, and the trial court did not err by rendering summary judgment.   Accordingly, the judgment of the trial court is Affirmed.

## I.  The Mortgage Loan Goes into Default

{¶ 3}    In 1998, Brown and her then-husband, James Landram,[1] borrowed $98,800 from Norwest Mortgage, Inc., secured by a note and mortgage.  Wells Fargo assumed the mortgage in 1999.

{¶ 4}    In 2002, Brown declared bankruptcy and fell behind on her mortgage payments.  As part of the bankruptcy proceedings, Brown and Wells Fargo entered into an Agreed Order, dated May 23, 2003, whereby Brown agreed to pay an arrearage amount of $4,857.60, representing unpaid monthly mortgage payments from December 2002 through May 2003.  A dispute arose whether Brown tendered the payment to Wells Fargo and whether the bank properly credited her account.  Wells Fargo notified Brown that she was in default and that she could cure the default.  When she failed to cure, the bank accelerated the mortgage debt and filed this foreclosure action.

{¶ 5}    In March 2004, Wells Fargo filed a motion for summary judgment, which the

---

[1]    Brown's ex-husband is no longer a party to this action.

trial court overruled. Wells Fargo renewed the motion in August 2005, and the trial court again overruled the motion. Wells Fargo renewed the motion a third time in January 2008.

{¶ 6} In its third motion, Wells Fargo asserted that in order to satisfy the arrearage amount set forth in the Bankruptcy Court Agreed Order, Brown tendered two money orders and a certified check totaling $3,220 in July 2003. According to Wells Fargo, as averred in the affidavit submitted with its motion, Brown also sent in a personal check in the sum of $1,667, which was not honored by Brown's bank, National City Bank ("NCB"), due to a lack of sufficient funds. As a result, Wells Fargo sent a notice of default to Brown. In November 2003, the bankruptcy action was dismissed and the automatic stay was vacated. Brown failed to make any further payments, and Wells Fargo accelerated the loan. Two notices of acceleration were sent to Brown requiring her to cure the default no later than December 2003. No monies were received to cure the default. Copies of Brown's NCB checking account statements were filed with Wells Fargo's motion for summary judgment. The statements show that at no time was there enough money in the account upon which the personal check was drawn to cover the amount of the check sent to Wells Fargo. Indeed, the account shows that it had a zero or negative balance from June 20, 2003 through August 20, 2003.[2]

{¶ 7} In her response to the motion for summary judgment, Brown contends that she tendered the personal check, along with the money orders and the certified check, in June 2003. According to her affidavit submitted with her response, Brown was notified in "mid-July" that Wells Fargo had not received the personal check payment from her. She averred that she made

---

[2] The account statements and Brown's testimony indicate that she carried a "Ready Reserve Account," which was a line of credit loan in the amount of $1,000 issued by NCB. This was used to cover any non-sufficient funds checks written on the checking account. However, even taking this line of credit loan into account, the checking account never had enough funds in it to cover the $1,667 personal check.

her payments for June, July and August. She further avers that she contacted Wells Fargo concerning the arrearage payments. In her affidavit, she avers that she "was in the process of reissuing the check Wells Fargo claimed it never received when, on August 8, 2003, National City Bank called me and informed me that Wells Fargo was attempting to cash the 'missing' personal check and additionally attempting to collect the funds by automatic withdraw." Brown avers that she then ordered a stop-payment on both the check and the attempted automatic withdrawal. Finally, she averred that she attempted to make the September and October payments, but Wells Fargo refused all further payments on the loan. Brown attached copies of the certified check as well as the two money orders, but not a copy of the personal check.

{¶ 8} Brown's deposition was also taken in this matter. In her deposition, she testified that when she learned that the personal check had not been received, or had been lost by Wells Fargo, she authorized Wells Fargo to make an electronic withdrawal from her checking account. She testified that on August 7, 2003, NCB employee David Couse called her to tell her that Wells Fargo was attempting to cash the personal check as well as make an electronic withdrawal for the amount of the check. She testified that she put a stop-payment order on both transactions that same day. She further testified that she did not know the balance of her checking account when she issued the personal check for $1,667, but stated that "it would not have been very much more than 2,000."

{¶ 9} Wells Fargo filed a reply along with the affidavit of David Couse, who averred that he did not work at NCB during the time that Brown claimed. He averred that he began his employment with NCB in 2005, well after the dates at issue. Wells Fargo also noted that Brown's checking account statement does not reflect any attempt by Wells Fargo to make an

electronic withdrawal of funds.

{¶ 10}   The trial court rendered summary judgment in favor of Wells Fargo.   Brown appeals.

## II.   That the Mortgage Loan Was in Default
## Is Not Subject to a Genuine Issue of Material Fact.

{¶ 11}   Brown's sole assignment of error states:

{¶ 12}   "THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS A GENUINE QUESTION OF MATERIAL FACT EXISTS."

{¶ 13}   Brown contends that a genuine issue of material fact exists with regard to whether she was actually in default on her loan.   Specifically, she contends that there is evidence that she tendered the personal check to Wells Fargo, and that it was not her fault that the payment was not "properly applied or was prematurely rejected."

{¶ 14}   "Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that:   (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * Our review of the trial court's decision to grant summary judgment is de novo."   *Fifth Third Mtge. Co. v. Bihn,* 2d Dist. Montgomery No. 24691, 2012-Ohio-637, ¶ 15.

{¶ 15}   The undisputed facts are as follows.   Donelda Brown signed a mortgage and promissory note regarding property she owned.   Brown filed an application for bankruptcy and

subsequently fell behind on her mortgage payments. As part of the bankruptcy action, Brown agreed to pay Wells Fargo the sum of $4,887 in delinquent monies owed on the mortgage account. The payments were due by June 30, 2003. The evidence further shows that Brown mailed a personal check for $1,667 as partial payment for the arrearage.

{¶ 16} The disputed facts involve Brown's claim that Wells Fargo lost or misplaced the check, that she gave the bank permission to make an electronic withdrawal of the funds from her personal checking account, and that she was required to place a stop payment order on the account due to the actions of Wells Fargo. She argues that it was not her fault that the check was not applied to the loan. She argues that Wells Fargo was at fault for misplacing the check and then later attempting to cash it while also attempting to make an electronic withdrawal of the same funds.

{¶ 17} The issue of whether the bank misplaced or lost the check is a red herring. The undisputed evidence in the record is that Brown's personal checking account upon which the check was drawn did not have the monies necessary to cover the check at any time relevant hereto. Although Brown's bank statements, which Wells Fargo relied upon to establish that fact, were not authenticated, Brown never objected to the form of this evidence. Therefore, Brown waived any objection to the form of this evidence. *OhioHealth Corp. v. Ryan*, 10th Dist. Franklin No. 10AP-937, 2012-Ohio-60, ¶ 34.

{¶ 18} The evidence also shows that Wells Fargo did not make any attempt to withdraw the funds from that account by means of an electronic withdrawal. Although Brown contends that she made her regular monthly payments on her mortgage after the issue arose with the personal check, at no time did she attempt to cure the default related to the check. Instead, she issued a stop-payment order on an account that did not have sufficient monies to cover the

check.

**{¶ 19}** We conclude that the trial court did not err in rendering summary judgment in this matter. The unrebutted evidence in the record is that Brown was in default on the loan, and she failed to cure the default. Accordingly, her sole assignment of error is overruled.

### III. Conclusion

**{¶ 20}** Brown's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and FROELICH, J., concur.

Copies mailed to:

Scott A. King
Terry W. Posey, Jr.
Brandin D. Marlow
Hon. Richard J. O'Neill