[Cite as *Wells Fargo Bank, N.A. v. Murphy*, 2014-Ohio-2937.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 13 MA 35 |
| V. | ) | |
| | ) | OPINION |
| BRIAN S. MURPHY, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:  Civil Appeal from Court of Common Pleas of Mahoning County, Ohio Case No. 11CV4041

JUDGMENT:  Affirmed

APPEARANCES:

For Plaintiff-Appellee  Attorney Scott A. King
Attorney Terry W. Posey, Jr.
10050 Innovation Drive
Suite 400
Miamisburg, Ohio 45342

For Defendant-Appellant  Attorney Bruce M. Broyles
5815 Market Street, Suite 2
Boardman, Ohio 44512

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: June 20, 2014

DONOFRIO, J.

{¶1} Defendant-appellant Brian S. Murphy appeals the decision of the Mahoning County Common Pleas Court granting summary judgment for plaintiff-appellee Wells Fargo Bank, N.A. in its foreclosure action.

{¶2} In 2004, Murphy signed a note for $120,832.00 and entered a corresponding mortgage on 2168 Lyon Boulevard, Youngstown, OH 44514. The original lender was The Home Mortgage Company, Inc. Wells Fargo was later assigned the mortgage and acquired possession of the note after it had been indorsed in blank. He defaulted on the loan in July 2011.

{¶3} On November 23, 2011, Wells Fargo filed a complaint seeking judgment on the note and mortgage, and asking for foreclosure on the property. Murphy never filed an answer and Wells Fargo filed a motion for default judgment. Murphy appeared at the default judgment motion hearing and the trial court denied the motion.

{¶4} Wells Fargo then filed a motion for summary judgment stating that under the note and mortgage, it had the absolute right to accelerate the balance of the loan upon default and foreclose. Attached to Wells Fargo's summary judgment motion was an affidavit reciting the loan, the default, the failure to cure the default, and the amount owed.

{¶5} Murphy filed a memorandum in opposition, claiming only that he did not receive the notice of acceleration.

{¶6} In response, Wells Fargo filed a reply with an affidavit stating that the debt was accelerated pursuant to the terms of the loan and incorporating by reference an attached letter from Wells Fargo addressed to Murphy and dated October 2, 2011 which set forth a notice of default and acceleration showing a delinquency of $2,974.09.

{¶7} On February 17, 2013, the trial court granted summary judgment in favor of Wells Fargo. Murphy filed a timely notice of appeal.

{¶8} Murphy sets forth one assignment of error with four corresponding issues presented for review. The first issue presented for review concerns copies of

the note, mortgage, and assignments of the mortgage that Wells Fargo attached in support of its summary judgment motion. The remaining three issues he presents for review concern the notice of acceleration. Murphy's sole assignment of error states:

The trial court erred in granting summary judgment.

**{¶9}** An appellate court reviews a trial court's decision on a motion for summary judgment de novo. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment can be granted where there remain no genuine issues of material fact for trial and where, after construing the evidence most strongly in favor of the nonmovant, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *Byrd v. Smith,* 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, citing Civ.R. 56(C). The burden of showing that there is no genuine issue of material fact initially falls upon the party who files for summary judgment. *Id.*, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 294, 662 N.E.2d 264 (1996).

**{¶10}** Thereafter, the nonmovant may not rest upon the mere allegations or denials of the party's pleadings but must respond by setting forth specific facts showing there is a genuine issue for trial. *Id.*, citing Civ.R. 56(E). "If the party does not so respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E). Although courts are cautioned to construe the evidence in favor of the nonmoving party, summary judgment is not to be discouraged where a nonmovant fails to respond with evidence supporting the essentials of his claim. *Leibreich v. A.J. Refrigeration, Inc.,* 67 Ohio St.3d 266, 269, 617 N.E.2d 1068 (1993).

## Wells Fargo's Holder Status

**{¶11}** In support of its summary judgment motion, Wells Fargo attached the affidavit of Jessibel Mojica (Mojica), identified as a Vice President of Loan Documentation. Based upon personal knowledge obtained from her personal review of the business records for the loan which is the subject of this action, she stated that a review of those business records revealed that Murphy had executed and delivered

to The Home Mortgage Company Inc. a note (and accompanying mortgage as security for the note) in the amount of $120,832.00 on August 30, 2004. She also stated that Wells Fargo is holder of the note and mortgage, but did not reference the copies of the note, mortgage, and assignments of the mortgage that were also attached to Wells Fargo's summary judgment motion.

**{¶12}** In his first issue presented for review, Murphy takes issue with Wells Fargo's attachment of the note to its summary judgment motion. Because the note was indorsed in blank, Murphy argues that Wells Fargo was required to prove that it had actual physical possession of the note. Murphy contends that Mojica's affidavit failed to establish that she had personal knowledge of Wells Fargo's actual physical possession of the note. In response, Wells Fargo argues that Murphy has waived any argument in that regard since he never filed an answer and did not raise this issue in his memorandum in opposition to summary judgment. Wells Fargo otherwise contends that the note and mortgage it attached to its pleadings are self-authenticating and it was the recorded holder at the time it filed its complaint in foreclosure.

**{¶13}** Initially, we address Wells Fargo's argument concerning the scope of the effect of Murphy's failure to file an answer. Wells Fargo averred in its foreclosure complaint that it was the holder of the note and mortgage and entitled to enforce the note and mortgage:

> 1. Plaintiff says that it is entitled to enforce a certain promissory note, a copy of which is hereto attached, marked Exhibit "A" and made a part hereof.
>
> * * *
>
> 4. Plaintiff * * * further says that it is entitled to enforce a certain mortgage deed, securing the payment of said promissory note, a copy of which is attached hereto, marked Exhibit "B" and made a part of hereof, and is a valid and first lien upon said premises.

**{¶14}** Civ.R. 8(D) explains the effect of a failure to deny: "Averments in a pleading to which a responsive pleading is required * * * are admitted when not denied in the responsive pleading." In other words, when a party fails to file an answer the trial court is correct to rely on Civ.R. 8(D) to treat the allegations of the plaintiff's complaint as admitted, obviating the need to prove such facts. *Tinlin v. White*, 7th Dist. No. 680, 1999 WL 771277, *7 (Sept. 20, 1999).

**{¶15}** Since Murphy did not file an answer in response to Wells Fargo's complaint in foreclosure, Wells Fargo's statements regarding its entitlement to enforce the note and mortgage would normally be deemed admitted, and it would not be required to prove such facts. However, the manner in which this case proceeded below gives us pause to apply that general rule. Following the trial court's hearing on and denial of Wells Fargo's motion for default judgment upon Murphy's appearance at the hearing, the court immediately ordered the case to proceed to summary judgment. Thus, arguably, Murphy did not (or reasonably believed that he did not) have the opportunity to file an answer.

**{¶16}** We turn now to Murphy's first issue presented for review particularly as it regards the copy of the note that Wells Fargo attached in support of its summary judgment motion and his assertion that Mojica lacked personal knowledge of Wells Fargo's actual physical possession of the note.

**{¶17}** R.C. Chapter 1303 governs negotiable instruments. A note or promissory note, like the one in this case, is considered a negotiable instrument. R.C. 1303.03(A). One way for a person to enforce an instrument is to be a holder of the instrument. R.C. 1303.31(A). There are two ways a person can become the holder of an instrument. First, a person can become the holder of an instrument if the instrument is made payable to bearer (i.e., indorsed in blank) and that person is in possession of the instrument. R.C. 1303.25(B); R.C. 1301.01(T)(1)(a). Second, a person can become the holder of an instrument if the instrument is made payable directly to them and they are in possession of the instrument. R.C. 1301.01(T)(1)(b).

**{¶18}** Because a bank seeking to enforce a note must be a holder of the note prior to the foreclosure complaint being filed, an issue that arises in foreclosure cases with notes that have become bearer instruments is determining when the bank took possession of the note. *See U.S. Bank Natl. Assn. v. Kamal*, 7th Dist. No. 12 MA 189, 2013-Ohio-5380, ¶ 19. But that does not mean the plaintiff must necessarily prove physical possession of the note itself. In *Natl. City Mtge. v. Piccirilli*, 7th Dist. No. 08 MA 230, 2011-Ohio-4312, this court observed:

Producing the note is obviously the easiest form of proof, but if the note is lost or otherwise cannot be produced, the party may rely on other evidence. R.C. 1303.31 and 1303.38 specifically provide for the enforcement of lost, destroyed or stolen negotiable instruments. Failure to attach a copy of a promissory note does not prevent a decision to grant summary judgment in a foreclosure action on the property securing the note. * * * If a copy of the note is unavailable, the court may grant summary judgment based on unrefuted assertions made by the lender in an affidavit regarding the note.

**{¶19}** Here, Wells Fargo met its initial summary judgment burden to establish that it was holder and entitled to enforce the note. Although Murphy did not file an answer, he did have the opportunity to take issue with the copy of the note that Wells Fargo had attached to and in support of its summary judgment motion in his memorandum in opposition and he did not. Instead, Murphy only took issue with the notice of acceleration.

**{¶20}** A nonmovant's failure to object to the form of evidence attached to a movant's summary judgment motion results in waiver of any later objection as to the form of that evidence. *Wells Fargo Home Mtge., Inc. v. Landram*, 2d Dist. No. 2011-CA-38, 2012-Ohio-1088, ¶ 17 (mortgagor waived any objection to mortgagee's reliance upon mortgagor's bank statements which proved that mortgagor could not have sent a check with sufficient funds to cure a default by never objecting to the

form of that evidence attached to mortgagor's summary judgment motion in foreclosure action); *Stegawski v. Cleveland Anesthesia Group, Inc.*, 37 Ohio App.3d 78, 83, 523 N.E.2d 902 (8th Dist.1987) (failure to move to strike or otherwise object to documentary evidence submitted by a party in support of a motion for summary judgment waives any error in considering that evidence under Civ.R. 56(C)).

**{¶21}** Nonetheless, the copy of the note that Wells Fargo attached to and in support of its summary judgment motion, along with Mojica's affidavit, were sufficient to meet Wells Fargo's initial burden under summary judgment. The facts relied upon in a motion for summary judgment must be the type of evidence listed in Civ.R. 56(C), which includes affidavits. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). The personal knowledge requirement is satisfied if the affiant states that the affidavit was made on personal knowledge (unless controverted by other evidence) or if the contents of the affidavit allow one to infer that the affidavit was made upon personal knowledge. *Bank One, N.A. v. Swartz,* 9th Dist. No. 03CA8308, 2004-Ohio-1986, ¶ 14-16 (personal knowledge where affiant stated she was a foreclosure specialist at bank, loan file was under her immediate supervision, instruments attached to the complaint were accurate copies of the originals, the account was in default for the amount stated). *See also Ohio Health Corp. v. Ryan,* 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 32; *Chase Bank, USA v. Curren,* 191 Ohio App.3d 507, 2010-Ohio-6596, 946 N.E.2d 810, ¶ 18 (4th Dist.) (personal knowledge may be inferred from the contents).

**{¶22}** In this instance, Mojica stated that her affidavit was made on personal knowledge of how the records pertaining to Murphy's loan were kept and maintained. Although she did not reference the copies of the note, mortgage, and assignments of the mortgage that were also attached to Wells Fargo's summary judgment motion, she averred that Wells Fargo was holder of the note and mortgage.

**{¶23}** Ohio case law and rules provide that copies of a note, mortgage, or an assignment of a mortgage are ample evidence to establish holder status and grant a bank summary judgment in foreclosure. Regarding copies, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid.R. 1003. Additionally, notarized documents and signatures on commercial paper are self-authenticating. *Lorain Cty. Bar Assn. v. Kennedy*, 95 Ohio St.3d 116, 766 N.E.2d 151 (2002); Evid.R. 902(8)-(9).

**{¶24}** Murphy cites *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3202, in support of his argument that Wells Fargo was required to submit proof that it was in actual physical possession of the note since the note was indorsed in blank. However, *Jackson* is distinguishable from this case. In *Jackson*, the mortgagor filed an affidavit in opposition to the bank's summary judgment motion challenging the bank's holder status. Here, Murphy did not challenge the authenticity of the copies of the note, mortgage, and assignments of the mortgage attached to Wells Fargo's motion for summary judgment, but instead argued only that he had not received notice of Wells Fargo's intent to accelerate.

<u>**Notice of Acceleration**</u>

**{¶25}** The remaining three issues Murphy presents for review concern the notice of acceleration. The mortgage here addressed the notice of acceleration as follows:

> 22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice

may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, costs of title evidence.

*Authentication*

**{¶26}** In his memorandum in opposition to Wells Fargo's summary judgment motion, the only challenge Murphy made to Wells Fargo's ability to enforce the note and mortgage was that he did not receive notice of acceleration. In its reply to Murphy's memorandum in opposition, Wells Fargo attached a copy of the October 2, 2011 letter (notice of acceleration) it sent to Murphy and an affidavit attesting to the authenticity of the letter. In his second issue presented for review, Murphy argues that the trial court erred in relying on the affidavit as authenticating the notice of acceleration.

**{¶27}** Here, Wells Fargo provided sufficient evidence that it sent Murphy notice of acceleration. Attached to Wells Fargo's reply to Murphy's memorandum in opposition to Wells Fargo's summary judgment motion is an affidavit from Lenettra D. Smith, a Vice President of Loan Documentation for Wells Fargo. Attached to that affidavit and incorporated by reference is the notice of default letter from Wells Fargo. That notice is addressed to Bryan S. Murphy at 2168 Lyon Blvd., Poland, OH 44514-1565. This court has held similar evidence to be sufficient evidence that notice of acceleration was sent, even when the mortgagor filed an opposing affidavit stating

that they did not receive the notice. *CitiMtge., Inc. v. Loncar*, 7th Dist. No. 11 MA 174, 2013-Ohio-2959, appeal not allowed, 2013-Ohio-5096, 137 Ohio St.3d 1413, 998 N.E.2d 511.

**{¶28}** Murphy argues that the affidavit failed to explain how a copy of the October 2, 2011 letter was obtained, how it was sent, or that it was a true and accurate copy. The record does not support Murphy's argument in this regard. Smith's affidavit alone refutes each of these arguments in turn:

> 2. The averments provided in this affidavit are within the scope of my duties. In my position, I have access to business records, including loan documents and loan account records maintained by Wells Fargo Bank, NA, and I have personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, and retrieval of records in Wells Fargo Bank's record keeping systems.
>
> 3. Loan account records are compiled and recorded as part of Wells Fargo Bank NA's regularly conducted business activity at or near the time of occurrence of each event affecting the account by persons with knowledge of said event, by or from information transmitted by a person with knowledge of the acts or events described within the business record. Such records are kept, maintained, and relied upon in the course of ordinary and regularly conducted business activity.
>
> 4. I make this affidavit based upon personal knowledge obtained from my personal review of the business records for the loan which is the subject of this action.
>
> 5. That a notice of the default in payment and acceleration of loan was sent to Bryan S. Murphy by U.S. mail on October 2, 2011. Further, the notice was sent to Bryan S. Murphy at 2168 Lyon Blvd., Poland, Ohio 44514. A True and accurate copy of the notice that was sent is attached to this Affidavit.

*Adequacy*

**{¶29}** In his third issue presented for review, Murphy argues that the notice of acceleration did not comply with the terms of the note and mortgage. Specifically, Murphy argues that the notice does not simply state the amount that must be paid within thirty days, but rather the notice left it to Murphy to determine and calculate the amount that was necessary to avoid acceleration.

**{¶30}** Murphy's argument here is not supported by the language of the mortgage or the language of the notice of acceleration. In the event of default, the mortgage requires the bank to give the borrower notice of the action required to cure the default. Here, after giving Murphy a breakdown of the total past due amount on the mortgage account as of the date of the letter, it goes on to inform Murphy of the action required to cure the default:

> To avoid the possibility of acceleration, you must pay this amount plus any additional monthly payments, late charges and other charges that may be due under applicable law after the date of this notice and on or before November 1, 2011 in CERTIFIED funds, to Wells Fargo Home Mortgage, 1200 W 7th Street, Suite L2-200, Los Angeles, CA 90017.

**{¶31}** Murphy complains that this part of the notice of acceleration required him to determine and calculate the amount that was necessary to avoid acceleration. Murphy excises this provision and presents it out of context. The notice clearly states that $2,974.09 is the total due to cure the default and bring the loan current as of October 2, 2011. The provision Murphy quotes comes after the language informing him of the action required to cure the default and served only to reserve Wells Fargo's right to collect any additional monthly payments, late charges, and other charges that may have accrued should Murphy have continued nonpayment.

*Opposing Affidavit Denying Receipt of Notice*

**{¶32}** In his memorandum in opposition to Wells Fargo's summary judgment motion, Murphy attached his own affidavit stating that he did not receive notice of acceleration. In his fourth issue presented for review, Murphy argues this affidavit was enough to create a genuine issue of material fact on the issue of whether he received the notice.

**{¶33}** Section twenty-two of the mortgage does not specifically address service, however, section fifteen of the mortgage does:

> 15. Notices. All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. * * * There may be only one designated notice address under this Security Instrument at any one time. * * * If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**{¶34}** As already indicated, Smith's affidavit and the copy of the October 2, 2011 notice of intent to accelerate attached to and authenticated by Smith's affidavit, clearly established that the notice was mailed to Murphy.

**{¶35}** As for Murphy's argument that he never received the notice, the mortgage does not require that Wells Fargo show that he actually received the notice of intent to accelerate. Murphy's affidavit stating that he did not receive notice may create a genuine of issue of material fact as to whether he actually received the

notice. But the terms of the mortgage do not require that he actually receive the notice.

**{¶36}** There is no genuine issue of material fact as to whether Wells Fargo sent the notice by first class mail, which is all that was required under the terms of the mortgage. In a similar case involving a mortgagor who filed an affidavit claiming they had not received service of the notice, this court found such evidence does not create a genuine issue of material fact concerning whether the mortgagee had sent a compliant notice according to the terms of the mortgage. *CitiMtge., Inc. v. Loncar*, 7th Dist. No. 11 MA 174, 2013-Ohio-2959, appeal not allowed, 2013-Ohio-5096, 137 Ohio St.3d 1413, 998 N.E.2d 511. *See also Fifth Third Mtge. Co. v. Wizzard*, 10th Dist. No. 2013-Ohio-3084 appeal not allowed, 2013-Ohio-5285, 137 Ohio St.3d 1423, 998 N.E.2d 1178 (In response to mortgagor's claim that she never "received" acceleration notice, court held that compliance with the notice provisions of the note and mortgage did not hinge upon mortgagor's actual receipt of the notice of default.)

**{¶37}** In sum, Wells Fargo brought a foreclosure action against Murphy for defaulting on his loan and mortgage. Smith's affidavit properly authenticates the October 2, 2011 notice of intent to accelerate and established that Wells Fargo sent the notice to Murphy in accordance with the terms of the mortgage. There is no genuine dispute as to any material fact, and the trial court properly sustained Wells Fargo's motion for summary judgment and granted the foreclosure.

**{¶38}** Accordingly, Murphy's sole assignment of error is without merit.

**{¶39}** The judgment of the trial court is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.