[Cite as *Hancock Fed. Credit Union v. Coppus*, 2015-Ohio-5312.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

HANCOCK FEDERAL CREDIT
UNION,

      PLAINTIFF-APPELLEE,

      v.

BRIAN A. COPPUS, ET AL.,

      DEFENDANTS-APPELLANTS,

  -and-

SENECA COUNTY TREASURER, ET AL.,

    DEFENDANTS-APPELLEES.

CASE NO. 13-15-19

**O P I N I O N**

Appeal from Seneca County Common Pleas Court
Civil Division
Trial Court No. 14-CV-0164

**Judgment Affirmed**

**Date of Decision:  December 21, 2015**

APPEARANCES:

    *Grace M. Doberdruk* for Appellants, Brian Coppus and Ashlee Coppus

    *Bradley S. Warren* for Appellee, Hancock Federal Credit Union

Case No. 13-15-19

**WILLAMOWSKI, J.**

{**¶1**} Defendants-appellants, Brian A. Coppus ("Coppus") and Ashlee Coppus ("Ashlee") (collectively "the Coppuses"), bring this appeal from the judgment of the Common Pleas Court of Seneca County, Ohio, which granted summary judgment in favor of Plaintiff-appellee, Hancock Federal Credit Union ("Hancock Federal"), on its complaint for foreclosure. For the reasons that follow, we affirm the trial court's judgment.

*Factual and Procedural Background*

{**¶2**} Two promissory notes are at issue in this action. We refer to them as "Note 1" and "Note 2" throughout the opinion.

{**¶3**} On June 11, 2014, Hancock Federal filed a complaint for foreclosure, against the Coppuses.[1] The complaint alleged that Coppus executed Note 1 to Old Fort Banking Company ("Old Fort") on April 24, 2009. Note 1 was secured by a mortgage on the property that is the subject of this foreclosure action. Note 1 and its corresponding mortgage were assigned to Hancock Federal in October 2013. Note 2 was executed directly to Hancock Federal in May 2009. Note 2 was secured by a mortgage on the same property. Coppus defaulted on the terms of both promissory notes due to his failure to make payments according to the terms

---

[1] The complaint named other parties as defendants: Seneca County Treasurer, First National Bank of Pandora, Christina Coppus—former spouse of Coppus, and Unknown Tenant of Coppus. (R. at 2.) First National Bank of Pandora was dismissed on September 22, 2014. (R. at 44.) Christina Coppus was dismissed on November 7, 2014. (R. at 49.) Although the other defendants were not dismissed from the action, only the action against the Coppuses is at issue on this appeal. We have jurisdiction based on the trial court's certification under Civ.R. 54(B).

- 2 -

of the notes. As a result, Hancock Federal requested that the two mortgages on the property be foreclosed.

**{¶4}** The Coppuses filed an answer with affirmative defenses. Among other defenses, the Coppuses alleged that Hancock Federal was not the real party in interest, lacked standing to bring the claim, and was not entitled to enforce the mortgage. (R. at 40, ¶ 26.) They further alleged that Hancock Federal "may not have possession of the original note" and was "not entitled to enforce Note # 1." (*Id.* at ¶ 27, 38.) The Coppuses also filed a partial motion to dismiss alleging that Hancock Federal lacked standing to sue with respect to Note 1. (R. at 41.) This motion was denied. (R. at 46.)

**{¶5}** Hancock Federal then filed a motion for summary judgment. (R. at 48.) Two affidavits were attached to the motion for summary judgment: Affidavit of Richard Lis ("Lis") and Affidavit of Greg Harris ("Harris"). Lis, the Chief Credit Officer for Old Fort, averred that Note 1, in the amount of $137,000.00, was executed to Old Fort and later assigned to Hancock Federal. (Lis Aff.) At the time of the assignment, Coppus was in default on the terms of the note, with the principal balance being $123,049.49 and the total amount due being $127,548.14. (*Id.*) Lis attached the following exhibits to his affidavit: a copy of Note 1 (Lis Aff. Ex. A), a copy of the mortgage (Lis Aff. Ex. B), and a copy of the Assignment (Lis Aff. Ex. C). In his affidavit, Lis attested that the exhibits were true and accurate copies of the original documents.

{¶6} Harris, the Vice President of Real Estate Lending for Hancock Federal, stated the same facts with respect to Note 1, and attached a copy of Note 1 (Harris Aff. Ex. 1), a copy of Mortgage 1 (Harris Aff. Ex. B), and a copy of the Assignment of Note 1 to Hancock Federal (Harris Aff. Ex. C), which had been previously filed with the Seneca County Recorder. He further averred facts with respect to Note 2, which was executed for the amount of $51,000, and delivered to Hancock Federal in May 2009. (Harris Aff.) A copy of Note 2 was attached to the affidavit (Harris Aff. Ex. D), together with a copy of Mortgage 2 (Harris Aff. Ex. E). Harris stated that a mortgage modification agreement was executed with respect to Mortgage 2 in January 2010. He attached a copy of the agreement. (Harris Aff. Ex. F.) Harris attested that all exhibits were "true and accurate" copies of the original documents. (Harris Aff.) Coppus defaulted on both mortgages, which caused Hancock Federal to exercise acceleration options and call the entire unpaid principal balance due and owing under both notes. (Harris Aff.) The total principal and interest balance was listed as $115,000.00 on Note 1 and $52,065.69 on note 2. (*Id.*)

{¶7} The Coppuses filed an opposition to motion for summary judgment ("Opposition"), arguing several reasons why summary judgment should not be granted. First, they asserted that the loan modification with respect to Mortgage 2 was not enforceable because it "was not recorded with the Seneca County Recorder as required by R.C. 5301.231." (R. at 51.) Second, the Coppuses argued

that the affidavits of Lis and Harris were defective because they never stated that Lis or Harris "viewed the original note and compared it to the copy attached to the complaint or their affidavits." (*Id.*) Third, the Coppuses alleged that the affidavits of Lis and Harris "were not made upon personal knowledge because they do not identify how their job duties make them familiar with the records of this loan." (*Id.*) Fourth, the Coppuses argued that the Affidavits were deficient because they did not state that Hancock Federal was in possession of the original notes at the time when the complaint was filed or at the time the motion for summary judgment was filed. (*Id.*) Fifth, they argued that Hancock Federal "did not demonstrate a default" because it failed to attach any payment history to the affidavits. Lastly, the Coppuses suggested that other remedies should be pursued as alternatives to foreclosure.

{¶8} Of note, the Coppuses did not deny that they executed Note 1 and Note 2, that the notes were secured by the mortgages on the property at issue, or that they were in default and owed money to Hancock Federal. Neither did they move to strike the affidavits or the exhibits attached. The Coppuses did not assert that the copies attached to the affidavits were false. No documentary evidence or affidavits stating facts in dispute were attached to the Opposition, as required by Civ.R. 56. The only thing attached was an affidavit of the Coppuses' attorney, indicating that more discovery was needed "[i]n order to oppose to Plaintiff's motion for summary judgment." (*Id.*, Doberdruk Aff.)

{¶9} In response to the Coppuses' challenges to the motion for summary judgment, Hancock Federal filed a Reply. (R. at 53.) While disagreeing with the Coppuses that the affidavits were deficient or that additional evidence was necessary, Hancock Federal attached a supplemental affidavit of Greg Harris, as well as payment history on the account at issue. (*Id.*) In the supplemental affidavit Harris explained his duties and scope of employment at Hancock Federal, indicating that as a person responsible for originating residential real estate loans and the head of the collection department, he had first-hand personal knowledge of how notes and mortgages are drafted, compiled, kept, and enforced by Hancock Federal. (Supp. Harris Aff.) Harris further attested that Note 1 and Note 2 were in the physical possession of Hancock Federal. (*Id.*) He attested that he had reviewed the original notes, compared them with the copies that were attached to the motion for summary judgment, and determined that they were exact copies of the originals. (*Id.*) Harris similarly attested that the attached payment history was an exact copy of the original payment history maintained by Hancock Federal in the ordinary course of business. (*Id.*) The Coppuses did not object to the Supplemental Affidavit or the evidence submitted by Hancock Federal with its Reply.

{¶10} The trial court assigned the summary judgment motion for a hearing to be held on March 31, 2015, but no transcript of that hearing is before us on appeal. (R. at 56.) The Parties exchanged additional discovery, including

Hancock Federal's responses to a set of requests for admissions, in which Hancock Federal stated that it was unable to determine the exact date when it came in physical possession of the "original ink-signed" Note 1.  (R. at 60, Resp. to Req. for Admis. No. 30.)

{¶11} The trial court granted summary judgment to Hancock Federal, finding that any evidentiary deficiencies alleged by the Coppuses were cured by the Supplemental Affidavit of Harris and exhibits attached to the Reply.  The trial court further found that R.C. 5301.231, which requires that a mortgage modification be recorded, does not bar enforcement of the contractual agreement between the parties.

{¶12} The Coppuses filed the instant appeal in which they allege one assignment of error as quoted below.

### *Assignment of Error*

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT WHEN APPELLEE MOVED FOR SUMMARY JUDGMENT WITH AFFIDAVITS THAT WERE NOT MADE UPON PERSONAL KNOWLEDGE, THE LOAN MODIFICATION WAS NOT RECORDED AND WHEN APPELLEE RESPONDED TO REQUEST FOR ADMISSION NO. 30 THAT APPELLEE WAS NOT CERTAIN THAT IT HAD POSSESSION OF THE ORIGINAL NOTE WHEN THE COMPLAINT WAS FILED

### *Standard of Review*

{¶13} The standard for granting summary judgment in Ohio was defined in Civ.R. 56 as follows.

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

Civ.R. 56(C).

{¶14} The party moving for summary judgment has the initial burden "to inform the trial court of the basis for the motion, identifying the portions of the record, including the pleadings and discovery, which demonstrate the absence of a genuine issue of material fact." *Reinbolt v. Gloor*, 146 Ohio App.3d 661, 767 N.E.2d 1197, ¶ 8 (3d Dist.2001); *accord Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 12. The burden then shifts to the party opposing the summary judgment. *Id.* In order to defeat summary judgment, the nonmoving party may not rely on mere denials but "must set forth specific facts showing that there is a genuine issue for trial." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E).

{¶15} "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). The court must thus construe all

evidence and resolve all doubts in favor of the non-moving party, here the Coppuses. *Id.* But if the evidence so construed fails to support the essentials of the Coppuses' claims, summary judgment is proper. *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993). An appellate court reviews de novo a trial court's decision on a motion for summary judgment. *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, ¶ 9.

### *Analysis*

{¶16} Based on the standard outlined above, we review de novo Hancock Federal's motion for summary judgment in this foreclosure action. We divide our discussion according to the three allegations made on appeal by the Coppuses: (1) that the affidavits in support of summary judgment were insufficient; (2) that there could have been no default on Note 2 because of failure to record the modification agreement; and (3) that Admission No. 30 precluded summary judgment.

### *(1) Sufficiency of Affidavits*

{¶17} In order to properly support its motion for summary judgment, Hancock Federal was required to "point[] to some evidence in the record of the type listed in Civ.R. 56(C)" that would satisfy the five elements of foreclosure listed below. *HSBC Bank USA v. Beirne*, 9th Dist. Medina No. 10CA0113-M, 2012-Ohio-1386, ¶ 9. Those elements are:

" * * * (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due."

*HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24, quoting *Wright-Patt Credit Union, Inc. v. Byington,* 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10.   The type of evidence listed in the civil rule includes, "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action."  Civ.R. 56(C).

{¶18} In order to satisfy the initial requirement of applying for summary judgment, Hancock Federal submitted affidavits of Lis and Harris.  The affidavits stated that (1) Hancock Federal was the party entitled to enforce the notes at issue; (2) Note 1 was assigned to it by Old Fort; and (3) Coppus was in default.  The affidavits further specified (4) what actions had been taken prior to requesting foreclosure and (5) the amount of principal and interest due.  While the two affidavits supported all elements of the claim, the Coppuses allege that they were deficient and they did not properly support the motion for summary judgment. Accordingly, they suggest that Hancock Federal never satisfied its initial burden of showing the absence of a genuine issue of material fact, and the Coppuses had no burden to produce evidence in opposition to the motion.

{¶19} The Coppuses rely on a case from the Fifth District Court of Appeals, which stated that the affidavits in support of a motion for summary judgment in a foreclosure action must satisfy certain criteria. *Wachovia Bank of Delaware, N.A. v. Jackson*, 5th Dist. Stark No. 2010-CA00291, 2011-Ohio-3203, ¶ 40-57. In particular, according to *Jackson*, the affidavits "must show" the following:

> 1.) the affiant is competent to testify;
>
> 2.) the affiant has personal knowledge of the facts, as shown by a statement of the operant facts sufficient for the court to infer the affiant has personal knowledge;
>
> 3.) the affiant must state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done; and
>
> 4.) the affidavit must be notarized.
>
> 5.) Any documents the affidavit refers to must be attached to the affidavit or served with the affidavit.

(Capitalization sic.) *Id.* at ¶ 46-51. Additionally, "[t]he documentary evidence must be:"

> 1.) certified copies of recorded documents; or
>
> 2.) if business records, must be accompanied by an affidavit attesting that they are business records kept in the regular course of business;
>
> 3.) the affiant must be familiar with the compiling and retrieval of the records;

4.) the affiant must state the records are compiled at or near the occurrence of each event by persons with knowledge of said events; and

5.) the records must be authenticated by the custodian of the records or by another witness who has personal knowledge of the records.

*Id.* at ¶ 52-57.

**{¶20}** *Jackson* is not on point for the determination of the instant matter, as Civ.R. 56 does not require all of the elements listed above. Rather, Civ.R. 56(E), which specifies the form of affidavits attached in support of summary judgment, "sets forth three requirements for an affidavit: (1) that it be made on personal knowledge, (2) that it set forth facts which would be admissible in evidence, and (3) that it affirmatively show the affiant to be competent to testify to the matters stated." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 466-467, 423 N.E.2d 105 (1981); *accord* Civ.R. 56(E). Additionally, the rule requires that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit." Civ.R. 56(E); *accord Corrigan* at 467.

**{¶21}** Based upon our review we conclude that the affidavits of Lis and Harris are based on personal knowledge, set forth facts that would be admissible in evidence, and affirmatively show that the affiants are competent to testify to the matters stated in the affidavits. *See Corrigan* at paragraph two of the syllabus (holding that "[u]nless controverted by other evidence, a specific averment that an

affidavit pertaining to business of a board is made upon personal knowledge of the affiant board chairman satisfies the Civ.R. 56(E) requirement that affidavits supporting and opposing motions for summary judgment show that the affiant is competent to testify to the matters stated"); *Deutsche Bank Natl. Trust Co. v. Reynolds*, 9th Dist. Summit No. 27192, 2014-Ohio-2372, ¶ 12 ("Generally, 'a mere assertion of personal knowledge satisfies the personal knowledge requirement of Civ.R. 56(E) if the nature of the facts in the affidavit combined with the identity of the affiant creates a reasonable inference that the affiant has personal knowledge of the facts in the affidavit.' "), quoting *Bank One, N.A. v. Lytle,* 9th Dist. Lorain No. 04CA008463, 2004-Ohio-6547, ¶ 13.

**{¶22}** Additionally, while the rule requires that documents referenced in the affidavits be sworn or certified copies, the affiant does not need to *expressly* "state he or she was able to compare the copy with the original and verify the copy is accurate, or explain why this cannot be done," as suggested by *Jackson*, 5th Dist. Stark No. 2010-CA00291, 2011-Ohio-3203, at ¶ 49.  Rather, "[t]he requirement of Civ.R. 56(E) that sworn or certified copies of all papers referred to in the affidavit be attached is satisfied by attaching the papers to the affidavit, coupled with a statement therein that such copies are true copies and reproductions."  *Corrigan*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105; *Cincinnati Bar Assn. v. Newman*, 124 Ohio St.3d 505, 2010-Ohio-928, 924 N.E.2d 359, ¶ 7 (2010), quoting *Corrigan id.* Lis and Harris expressly stated that each of the documents attached to the

affidavits was either a "true and accurate copy" or a "true and accurate certified copy." (R. at 48, Lis Aff., Harris Aff.) *See also Wells Fargo Bank, N.A. v. Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937, ¶ 23 (noting in a foreclosure action that absent genuine issues, copies were admissible to the same extent as original documents).

{¶23} To further distinguish the holding of *Jackson*, we note that in that case, the defendant expressly disputed whether the foreclosure plaintiff "was the holder of the note and mortgage." *Jackson* at ¶ 14. The defendant had filed an affidavit, which specifically challenged several of the statements in the plaintiff's affidavit submitted in support of its motion for summary judgment. *Id.* In this case, however, the Coppuses did not file their own affidavit to dispute the facts as stated in the affidavits of Lis and Harris. *See Murphy* at ¶ 24 (distinguishing the case from *Jackson*, where "the mortgagor filed an affidavit in opposition to the bank's summary judgment motion challenging the bank's holder status" because "Murphy did not challenge the authenticity of the copies of the note, mortgage, and assignments of the mortgage attached to Wells Fargo's motion for summary judgment").

{¶24} Based on the foregoing discussion, we reject the Coppuses' claim that the affidavits in support of the motion for summary judgment were deficient or that they were not based on sufficient knowledge. Therefore, the affidavits properly supported Hancock Federal's motion for summary judgment and the

burden shifted to the Coppuses to "set forth specific facts," rather than "mere denials" that would show a genuine issue on any of the elements of the claim. *Byrd*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10, quoting Civ.R. 56(E). As noted above, the Coppuses did not set forth any specific facts to show a genuine issue of material fact for trial. They did not dispute any of the factual assertions in Hancock Federal's affidavits. Instead, they argued that Note 2 was unenforceable or that more evidence was needed to support summary judgment.

{¶25} To the extent that any more evidence would be required to clarify the issues challenged by the Coppuses in their Opposition, the trial court correctly found that Hancock Federal provided sufficient information through its supplemental affidavit attached to its Reply. The Coppuses did not object to the use of the supplemental affidavit in the trial court and did not move to strike the affidavit. Therefore, they forfeited the issue on appeal. *See Goldfuss v. Davidson*, 79 Ohio St.3d 116, 121, 1997-Ohio-401, 679 N.E.2d 1099 (1997) (recognizing that failure to timely advise a trial court of possible error, by objection or otherwise, results in a forfeiture of the issue for purposes of appeal); *Murphy*, 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937, ¶ 20 ("A nonmovant's failure to object to the form of evidence attached to a movant's summary judgment motion results in waiver of any later objection as to the form of that evidence."). Furthermore, Civ.R. 56 expressly allows the trial court to consider supplemental affidavits by stating that "[t]he court may permit affidavits to be supplemented or

opposed by depositions or by further affidavits." Civ.R. 56(E); *see Walter v. AlliedSignal, Inc.*, 131 Ohio App.3d 253, 263, 722 N.E.2d 164 (3d Dist.1999) (relying on Civ.R. 56(E) in rejecting an argument that the trial court abused its discretion in considering a supplemental affidavit attached to a reply brief in support of summary judgment).

**{¶26}** We address the argument regarding enforceability of Note 2 in the next section of this opinion.

*(2) Failure to Record Modification of Note 2*

**{¶27}** The Coppuses do not submit any law that would support their argument that Note 2 is not enforceable because of the failure to record the modification agreement as required by R.C. 5301.231(A). This provision of the Revised Code states that "modifications or extensions of mortgages or of the debt secured by mortgages * * * shall be recorded in the office of the county recorder of the county in which the mortgaged premises are situated and shall take effect at the time they are delivered to the recorder for record." R.C. 5301.231(A). It does not state, however, that failure to record affects enforceability of the note secured by the mortgage.

**{¶28}** The Fourth District Court of Appeals rejected an argument that an unrecorded modification of a loan agreement invalidated the original mortgage in *Community Action Committee of Pike Cty., Inc. v. Maynard*, 4th Dist. Pike No. 02CA695, 2003-Ohio-4312, ¶ 8. The court reasoned:

- 16 -

There is nothing in the statute to indicate that a failure to record the modification or extension would result in invalidation of the original mortgage. Rather, the statute indicates that the modification or extension takes effect when it is delivered for record. Thus, the natural conclusion is that a modification or extension that is not recorded is an ineffective extension or modification of the mortgage and is not secured by the original mortgage. This, however, does not affect the validity and priority of the original mortgage.

*Id.*; *see also Farmers Prod. Credit Assoc. of Ashland v. Kleinfeld*, 9th Dist. Medina No. C.A. 1408, 1986 WL 840, *3 (Jan. 15, 1986) (finding that an unrecorded modification of a debt, did not discharge or extinguish the original debt).

{¶29} Due to the Coppuses' failure to show that the unrecorded modification affected enforceability of Note 2, we reject their argument that summary judgment was improper for noncompliance with R.C. 5301.231.

*(3) Admission No. 30*

{¶30} The Coppuses next claim that summary judgment was not proper because Hancock Federal "was not certain that it had possession of the original note when the complaint was filed." (Assignment of Error.) In this argument, the Coppuses rely on the additional discovery that they filed with the trial court one day before the issuance of the judgment entry granting summary judgment. In particular, they point to Hancock Federal's responses to a set of requests for admissions, in which Hancock Federal stated that it was unable to determine the exact date when it came in physical possession of the "original ink-signed" Note

1.[2]  (R. at 60, Resp. to Req. for Admis. No. 30.)  On appeal, the Coppuses argue that this admission created a genuine issue of material fact on whether Hancock Federal was entitled to enforce Note 1.  (App't Br. at 11.)

{¶31} We first note that the document at issue was filed with the trial court the day before the date scheduled for a hearing in this case.  It was filed without any motion or memorandum explaining that it should pertain to the resolution of the summary judgment motion, and no argument was made on the record with respect to the admission at issue.[3]  Therefore, the trial court did not have an opportunity to address the issue of whether Admission No. 30 created a genuine question of fact on the element of the claim.  "A court of appeals cannot consider the issue for the first time without the trial court having had an opportunity to address the issue."  *State v. Peagler*, 76 Ohio St.3d 496, 501, 668 N.E.2d 489 (1996).  Therefore, we refuse to find an error on the part of the trial court with respect to an issue that is raised for the first time on appeal.

{¶32} Additionally, the Coppuses fail to comply with App.R. 16(A)(7), which requires that an appellant include in his or her brief: "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and *the reasons in support of the contentions, with*

---

[2] Hancock Federal was in possession of the "ink-signed original" of Note 1 at the time of responding to requests for admissions and at the time of the trial court's judgment.  (R. at 60, Resp. to Req. for Admis. No. 30.)

[3] Hancock Federal indicates in its brief that on March 31, 2015, the trial court heard oral arguments on the motion for summary judgment.  (App'ee Br. at 4.)  No transcript of the hearing is available for our review, however, and we cannot presume that an argument with respect to Admission No. 30 was made during that hearing.

*citations to the authorities, statutes, and parts of the record on which appellant relies.*" (Emphasis added.) The two-sentence "argument" that Admission No. 30 created a genuine issue of material fact as to whether Hancock Federal was entitled to enforce Note 1 is not supported by any law requiring possession of the original note as an element of the claim. Conversely, the Seventh District Court of Appeals noted that a foreclosure plaintiff does not need to "necessarily prove physical possession of the note itself," as other evidence may "establish holder status and grant a bank summary judgment in foreclosure." *Murphy* 7th Dist. Mahoning No. 13 MA 35, 2014-Ohio-2937, at ¶ 18, 23; *see also HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 26 (stating that "[d]emonstrating possession of the note—*or alternatively, entitlement to enforce the note*—is a prerequisite to obtaining summary judgment in a foreclosure action") (emphasis added); *U.S. Bank Natl. Assn. v. Mitchell*, 6th Sandusky No. S-10-043, 2012-Ohio-3732, ¶ 16 ("An assertion of ownership rights does not indicate entitlement to enforce an instrument, *nor does a lack of ownership necessarily prevent a person from being entitled to enforce an instrument*.") (Emphasis added); R.C. 1303.31 (listing the persons entitled to enforce a negotiable instrument).

### *Conclusion*

{¶33} Based on our discussion above, we overrule the assignment of error. We also reject the suggestion made in the trial court and repeated on appeal,

although not expressly identified in the assignment of error, that other alternatives to foreclosure "may" be available and "should be explored." (R. at 51.) In the trial court, the Coppuses did not argue that the possibility of alternative remedies precluded summary judgment. Similarly, on appeal the Coppuses merely recite the law stating that " 'the simple assertion of the elements of foreclosure does not require, as a matter of law, the remedy of foreclosure.' " (App't Br., quoting *First Natl. Bank of Am. v. Pendergrass*, 6th Dist. Erie No. E-08-048, 2009-Ohio-3208, ¶ 22, *and PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 82, 2010-Ohio-5061, 940 N.E.2d 662, ¶ 35.) They fail, however, to make any argument that the trial court abused its discretion in ordering foreclosure instead of an alternative remedy.

{¶34} Having reviewed the arguments, the briefs, and the record in this case, we find no error prejudicial to Appellants in the particulars assigned and argued. The judgment of the Common Pleas Court of Seneca County, Ohio, is therefore affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and SHAW, J., concur.**

**/hlo**